PAUL KARSH et al., Plaintiffs-Appellants, v. ROBERT SCHMIDT et al., Defendants-Appellees.

Second District  No. 79-17

Opinion filed November 15, 1979.—Supplemental opinion filed on denial of rehearing January 18, 1980.

Frederick M. Ellis, Jr., of Friedman & Solber, of Chicago, for appellants.

Ellis E. Fuqua and Bernard Wysocki, both of Fuqua, Winter & Associates, of Waukegan, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting a motion to dismiss for failure to state a cause of action. Paul Karsh, one of the plaintiffs, fell from a ladder and was injured while working on the residence owned by defendants, Robert and Roberta Schmidt. Count I of the second amended complaint seeks recovery under the Illinois Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60); count II is based on common law negligence; and count III is brought by Paul Karsh's wife, Letty Karsh,

sounding generally in negligence, and being specifically an action for loss of consortium.

The first issue is whether plaintiffs alleged sufficient ultimate facts to support the allegation that defendants were "in charge of" the work. The leading case on this question is *Van Dekerkhov v. City of Herrin* (1972), 51 Ill. 2d 374, 282 N.E.2d 723. *Van Dekerhov* involved a Structural Work Act complaint which was challenged on the ground that it failed to allege sufficient ultimate facts to withstand a motion to dismiss. The complaint alleged that defendant "had charge and control" of the work, but apart from an allegation that the defendant owned the buildings being demolished, there were no facts alleged which would support that conclusion. The supreme court held that the complaint was insufficient because there existed certain inconsistencies in various parts therein which created an ambiguity as to defendant's actual control of the work. The court did note, however, that the averments of each complaint must be individually tested to see if sufficient ultimate facts have been alleged.

██ In the present cause, it is alleged that defendants were owners of the property where the accident occurred and were "in charge of" its construction and repair. It is further alleged that plaintiff was in the employ of defendants; that he was in pursuit of the business and affairs of his employer; and that defendants owned and erected the ladder on which he was standing when he fell. In our opinion, for the purpose of considering the sufficiency of the pleadings, the allegation of these facts is sufficient to support the position that defendants were "in charge of" the work.

██ Defendants next assert that plaintiffs failed to establish sufficiently the manner in which the defects in the ladder contributed to plaintiff's fall. It is true that the complaint fails to describe the exact manner in which the plaintiff fell, but it does state that plaintiff was engaged in repairing defendants' building while standing on a ladder which was owned and erected by them. It further alleges that the ladder was not safely constructed or placed, enumerating ten alleged defects, and additionally alleges that plaintiff's fall was the proximate result of these violations of the Act. Also, it is implicit from the complaint that the purpose of the ladder's erection was for conducting the repairs which were alleged as being undertaken by plaintiff. We accordingly conclude that the complaint presents sufficient ultimate facts on this issue to withstand a motion to dismiss.

Defendants contend that plaintiff was performing the acts gratuitously and that the Structural Work Act was not intended to apply in a situation involving volunteered services in performing simple maintenance on a private residence. We need not reach this question since the complaint itself alleges more than simple home maintenance and does not

allege that plaintiff's services were of a gratuitous nature but rather states that plaintiff was employed for his services. The complaint alleges that defendants were in charge of construction and repair of the building and that plaintiff was "engaged in work in erecting, repairing or altering the aforementioned building * * *." Such activities should be held to fall within the purview of the Act (*Bishop v. Napier* (1965), 62 Ill. App. 2d 148, 210 N.E.2d 9), and any question regarding the voluntary nature of the services will have to be resolved as a question of fact at trial.

Defendants next claim that counts II and III were deficient for failing to sufficiently allege the duty of care to which they were held and the breach of that duty. Plaintiffs' position, in essence, is that the duty of care was stated inferentially by the allegation that plaintiff was in the employ of the defendants. It is thus contended that plaintiff was an invitee. The complaint also described the defendants' duty as "the duty * * * to exercise reasonable care and caution in the maintenance of said ladder so as to avoid injury to persons lawfully standing on the ladder."

■■ ■ Even where a complaint sets forth a minimum of the facts, if the allegations and reasonable deductions which may be drawn therefrom reasonably inform the defendants of the plaintiff's claim, the complaint should survive a motion to dismiss. (*Stemm v. Rupel* (1975), 30 Ill. App. 3d 864, 332 N.E.2d 686.) A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will justify recovery. (*Edgar County Bank & Trust Co. v. Paris Hospital, Inc.* (1974), 57 Ill. 2d 298, 312 N.E.2d 259.) It is our view that it would be contrary to these principles to require a plaintiff who had set forth his view of the defendants' duty to face dismissal of his complaint merely because he did not also specifically plead plaintiff's status as an invitee. Further, the instant plaintiff's status as an invitee may be inferred from the averments concerning the employment relationship existing between the parties. *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 343 N.E.2d 261.

■■ The final question is whether plaintiff adequately alleged a breach of duty by defendants. The complaint alleged that defendants were guilty of one or more of nine enumerated acts of negligence and further stated that as a direct and proximate result of one or more of those acts, plaintiff was caused to fall from the ladder. It is our opinion that the pleadings are sufficient to raise the issue of the breach of a duty of reasonable care.

The judgment of the trial court is accordingly reversed and the cause is remanded for further proceedings.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE WOODWARD delivered the opinion of the court: Defendants have petitioned for rehearing, contending that section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.5) bars an action under the Structural Work Act by an employee against his employer when the employer also owns the property where the accident occurs. This issue was not raised in the motion to dismiss and therefore was not properly presented to this court. The issue may, however, be raised in the trial court on remand.

NASH and LINDBERG, JJ., concur.