LORRAINE A. BASLER, Indiv. and as Mother and Next Friend of Michael W. Gee, Plaintiff-Appellant, v. DONALD WEBB et al., Defendants-Appellees.

Fifth District    No. 5—88—0377

Opinion filed August 30, 1989.

John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

William Kent Brandon, of Mitchell, Brandon & Schmidt, of Carbondale, for appellees.

JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Lorraine A. Basler, mother of nine-year-old Michael W. Gee, appeals from the dismissal by the circuit court of Union County of her complaint for failure to state a cause of action against defendants, Donald and Francis Webb, grandparents and guardians of six-year-old Tanya Webb. We affirm in part and reverse in part.

On April 22, 1987, at approximately 3:30 p.m., Michael had just gotten out of school and was crossing the street when Tanya, riding a bicycle allegedly with no brakes, ran into and seriously injured him. Plaintiff filed suit individually and on behalf of Michael alleging defendants were negligent in not controlling their granddaughter and in entrusting her with a defective bicycle. Defendants moved to dismiss plaintiff's complaint for failure to state a cause of action. The trial court allowed plaintiff to amend her complaint, but plaintiff chose to stand on her pleadings. The court therefore dismissed plaintiff's complaint with prejudice. Plaintiff argues on appeal the trial court abused its discretion in this instance in dismissing her complaint for failure to state a cause of action for either negligent control or negligent entrustment.

■ In considering a motion to dismiss for failure to state a cause of action, all well-pleaded facts within a complaint, as well as all reasonable inferences which can be drawn from those facts, must be regarded as admitted and true. (See *Duncan v. Rzonca* (1985), 133 Ill. App. 3d 184, 190, 478 N.E.2d 603, 607; *Giers v. Anten* (1978), 68 Ill. App. 3d 535, 539-40, 386 N.E.2d 82, 85-86.) Only when no set of facts entitling plaintiff to relief can be proved under the pleadings will we affirm the trial court's decision to grant a motion to dismiss. (*Duncan*, 133 Ill. App. 3d at 191, 478 N.E.2d at 607.) A pleading, however, need not show an absolute certainty of recovery; only a possibility of recovery is required. (See *Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 160-61, 510 N.E.2d 409, 413.) Applying these rules of liberal construction, plaintiff believes she has stated a viable cause of action against defendants for negligent control under section 316 of the Restatement of Torts Second (Restatement (Second) of Torts §316 (1965)), and under the theory of negligent entrustment.

■ Turning first to the theory of negligent control, generally a parent is not liable for the torts of his or her child merely because of that relationship. (See, *e.g., Duncan*, 133 Ill. App. 3d at 199, 478 N.E.2d at 612.) Section 316 of Restatement of Torts Second, which we adopted in *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201, represents an exception to this rule. Under section 316:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

a. knows or has reason to know that he has the ability to control his child, and

b. knows or should know of the necessity and opportunity for exercising such control." (Restatement (Second) of Torts §316 (1965).)

The key for establishing liability is that the parent knows or has reason to know that he has the ability to control his child and knows or should know of the necessity and opportunity for exercising such control. (See *Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 250, 504 N.E.2d 200, 203.) We agree that plaintiff has sufficiently pleaded these requirements in this instance to withstand a motion to dismiss. Specifically, plaintiff alleged in her complaint that: defendants are the grandparents and guardians of Tanya; defendants were at home and had the ability to control Tanya's conduct and prevent her from riding a bicycle without brakes; defendants knew the bicycle was defective and could not be operated safely by Tanya; defendants failed to take the bicycle away from Tanya when they knew, or with reasonable diligence should have known, Tanya would disobey direct commands and ride the bicycle in its defective state; and defendants knew Tanya customarily rode down the street on which the collision occurred, being an extremely steep street, and that a bicycle without brakes traveling down such a steep street presented a gross danger to the public.

Defendants argue, however, plaintiff failed to allege that defendants knew or should have known of the necessity of controlling their granddaughter. Defendants believe liability only arises when a parent or guardian has knowledge, based upon the child's past history, of that child's propensity to commit the act which causes the injury. Because plaintiff failed to allege any similar acts in the past, defendants argue plaintiff failed to state a cause of action for negligent control. Defendants, however, refuse to acknowledge plaintiff alleged that Tanya *customarily* rode down the steep street where the collision occurred and that she disobeyed direct commands and would ride the bicycle in its defective state anyway. Clearly, plaintiff's complaint sufficiently alleges defendants had prior notice that Tanya would disobey their directives to not ride the defective bicycle. And clearly, injury resulting from riding a bicycle with no brakes was more than foreseeable. (See *Blue v. St. Clair Country Club* (1955), 7 Ill. 2d 359, 364, 131 N.E.2d 31, 34.) Yet defendants allowed a bicycle with no brakes

to fall into the hands of a six-year-old child. Because plaintiff alleged defendants had the ability and the knowledge of the need to control both Tanya and the defective bicycle, in addition to defendants' failure to exercise such control, plaintiff sufficiently alleged a viable cause of action under section 316 of the Restatement of Torts Second. (See *Duncan*, 133 Ill. App. 3d at 200, 478 N.E.2d at 613. *Cf. Campbell v. Haiges* (1987), 152 Ill. App. 3d 246, 504 N.E.2d 200 (no opportunity to control and no allegations of specific instances of prior conduct, only knew of tendency for violence); *Pesek v. Discepolo* (1985), 130 Ill. App. 3d 785, 475 N.E.2d 3 (no allegations parents had knowledge of similar acts of violence or opportunity to control minor's behavior); *Cooper v. Meyer* (1977), 50 Ill. App. 3d 69, 365 N.E.2d 201 (pleadings did not state parent had opportunity to control or knowledge of necessity to exercise control).) While certainly not a model pleading by any standard, plaintiff's complaint is sufficient to withstand a motion to dismiss. Defendants cannot argue they have not reasonably been informed of plaintiff's claim against them. (See *Karsh v. Schmidt* (1979), 79 Ill. App. 3d 365, 368, 398 N.E.2d 592, 594. See also *Stenwall v. Bergstrom* (1947), 398 Ill. 377, 383, 75 N.E.2d 864, 867.) The trial court therefore erred in dismissing counts I and II of plaintiff's complaint for negligent control.

■■ ■ The trial court, however, did not err in dismissing counts III and IV for negligent entrustment. In order to state a cause of action for negligent entrustment, two elements must be alleged: (1) a negligent entrustment of a dangerous instrumentality; and (2) the inexperience or incompetence of the entrustee being the proximate cause of the plaintiff's injury. (See *Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 592-93, 515 N.E.2d 1299, 1301; *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 110, 404 N.E.2d 1122, 1124.) Plaintiff's complaint fails to meet this standard. After realleging paragraphs 1 through 10 of count I for count III, plaintiff adds only that: "Defendants *** were guilty of negligence for entrusting a bicycle, without brakes, to a minor child, Tanya Webb, incapable of safely operating said bicycle when the Defendants knew, or with reasonable diligence should have known, that said child could not appreciate the dangerous condition of said bicycle or control said bicycle ***." No allegation of any causal relationship between Tanya's incompetency and plaintiff's injury appears in the complaint. (See *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 965, 370 N.E.2d 1235, 1240.) Plaintiff simply failed to allege the necessary proximate cause under this theory. (See *Bensman v. Reed* (1939), 299 Ill. App. 531, 533-34, 20 N.E.2d 910, 911.

183

See also *Giers*, 68 Ill. App. 3d at 540-41, 386 N.E.2d at 86.) Consequently, plaintiff failed to state a viable cause of action against defendants for negligent entrustment, and the trial court committed no error in dismissing counts III and IV of plaintiff's complaint.

For the aforementioned reasons, we reverse and remand for further proceedings that portion of the order of the circuit court of Union County dismissing counts I and II, negligent control, of plaintiff's complaint and affirm the dismissal of counts III and IV, negligent entrustment.

Affirmed in part; reversed and remanded in part.

LEWIS and HOWERTON, JJ., concur.