LAURA VENTURA, Plaintiff-Appellant, v. CHIARI PICICCI, Indiv. and as Adm'r of the Estate of Michael Picicci, Deceased, Defendant-Appellee.

First District (5th Division)   No. 1—90—2807

Opinion filed March 27, 1992.

John Thomas Moran, Jr., of Chicago, for appellant.

Sanchez & Daniels, of Chicago (George L. Acosta, William K. Mosca, Jr., and John D. Daniels, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Laura Ventura, appeals from an order dismissing her amended complaint for failure to state a cause of action for negligence against defendant, Chiari Picicci. We consider whether plaintiff's complaint stated a cause of action when defendant allegedly took charge of her adult son knowing of his propensity for violence but failed to control him. For the following reasons, we affirm.

In her complaint, plaintiff sought recovery for personal injuries she sustained on January 18, 1988, when defendant's adult son, Michael Picicci, shot plaintiff in defendant's house. Plaintiff alleged that defendant allowed her son to live in the house, paid his living expenses, gave him money to buy cocaine, helped him buy a gun, and allowed him to keep ammunition in the house. Additionally, defendant paid her son's bond and attorney fees when he was arrested and charged with aggravated assault and a weapons violation. Further, defendant knew that her son shot the gun into the cemetery across the street from the house, pointed the gun at plaintiff pretending it was loaded, and waived the gun around recklessly. Defendant also knew that plaintiff was her son's friend and

that she was often at the house. Plaintiff alleged that under these facts, defendant owed her a duty of reasonable care which defendant breached.

Defendant moved to dismiss the complaint under section 2—615 (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) for failure to state a cause of action.

The trial judge granted the motion, finding that under the facts alleged in the complaint, defendant did not owe a duty to plaintiff. Plaintiff's amended complaint was dismissed for failure to state a cause of action and she was not given leave to amend. Plaintiff filed a timely notice of appeal.

Opinion

In considering a motion to dismiss under section 2—615 for failure to state a cause of action, the court must accept as true the well-pled allegations of plaintiff's complaint as well as any reasonable inferences that can be drawn from those facts. (*Basler v. Webb* (1989), 188 Ill. App. 3d 178, 544 N.E.2d 60.) The complaint must be construed liberally and should only be dismissed when it appears that plaintiff could not recover under any set of facts. *Basler*, 188 Ill. App. 3d 178, 544 N.E.2d 60.

A complaint for negligence must allege facts showing that defendant breached a duty he owed to plaintiff and that, as a proximate cause, plaintiff was injured. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37.) Whether defendant owed a duty to plaintiff is a question of law for the court to determine considering the reasonable foreseeability of injury, the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on defendant. (*Heigert v. Riedel* (1990), 206 Ill. App. 3d 556, 565 N.E.2d 60.) Generally, a person does not have a duty to control the conduct of another to prevent harm to a third person unless a special relationship is shown. (*Johnson*, 119 Ill. 2d 496, 520 N.E.2d 37.) The special relationships giving rise to such a duty are parent-minor child, master-servant, possessor of land-licensee, and a person in charge of another with dangerous propensities, as listed in sections 315 through 319 of the Restatement (Second) of Torts (1965). *Johnson*, 119 Ill. 2d 496, 520 N.E.2d 37.

In this case, plaintiff argues that her complaint stated a cause of action because defendant was a person in charge of another with dangerous propensities as described in section 319:

"Duty of Those in Charge of Person Having Dangerous Propensities

One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." (Restatement (Second) of Torts §319 (1965).)

To illustrate, a private hospital for contagious diseases and a private sanitarium for the insane have a duty to control their patients from injuring third parties. Restatement (Second) of Torts §319, Illustrations, at 130 (1965).

The only Illinois case that plaintiff relies on that considered a person's duty to control the actions of another adult under section 319 is *Kosrow v. Smith* (1987), 162 Ill. App. 3d 120, 514 N.E.2d 1016. In *Kosrow*, plaintiffs alleged that defendant was negligent in failing to control the actions of a houseguest who drove a car while intoxicated and caused an accident. Defendant allegedly knew that the houseguest's driver's license was suspended for driving under the influence of alcohol and that the houseguest had a propensity to become intoxicated. The appellate court stated that even assuming defendant knew of his houseguest's dangerous propensity, the complaint did not state a cause of action under section 319 of the Restatement because there were insufficient allegations that defendant took charge of the houseguest. The court found that defendant's provision of shelter to the houseguest was insufficient to show that defendant took charge of the houseguest. The complaint did not sufficiently allege that defendant assumed a duty to protect third parties from the houseguest's actions.

■■ Plaintiff argues that unlike *Kosrow*, the allegations of her complaint specifically allege that defendant took charge of her son. However, the allegations of the complaint that relate to whether defendant took charge of her son were that she allowed him to live with her and she paid his living expenses. These allegations amount to no more than providing shelter, which was found insufficient in *Kosrow*. Although plaintiff alleged that defendant gave her son money to buy cocaine and the gun and posted his bail, these facts did not show that defendant took charge of her son. The remaining allegations, that defendant knew her son was reckless with the gun, related to whether defendant knew he was dangerous rather than whether she took charge of him. Similar to *Kosrow*, plaintiff here did not plead facts that sufficiently alleged defendant took charge of her son which would warrant imposing a duty under section 319.

The only Illinois case plaintiff cites where the court found that a complaint stated a cause of action was *Basler* (188 Ill. App. 3d 178, 544 N.E.2d 60), which involved an action against the grandparents of a six-year-old girl who injured another child while riding her bicycle. The grandparents were the child's guardians. The appellate court noted that parents are generally not liable for the torts of their minor children and considered whether the grandparents had a duty under section 316 of the Restatement (Second) of Torts. Section 316 provides that parents are under a duty to control the actions of their minor child when they know they have the ability to control the child and they know of the necessity and the opportunity for exercising such control. Based on section 316, the court found that the complaint stated a cause of action because the grandparents allegedly knew that their granddaughter's bicycle did not have brakes but did not prevent her from riding it.

The present case is distinguishable from *Basler* because this case does not involve the liability of a parent for the actions of a minor child under section 316 of the Restatement. Here, plaintiff seeks to hold a parent liable for the actions of her adult child as a person in charge of another known to be dangerous under section 319 of the Restatement. *Basler* does not support plaintiff's argument.

Plaintiff also relies on *Pesek v. Discepolo* (1985), 130 Ill. App. 3d 785, 475 N.E.2d 3, which, similar to *Basler*, involved a minor child; however, the court in *Pesek* found that the complaint did not state a cause of action. In *Pesek*, plaintiff alleged that the parents had a duty to control the actions of their 15-year-old son who raped plaintiff's daughter. The parents allegedly knew that their son committed criminal or quasi-criminal acts and that he used alcohol and drugs. Similar to *Basler*, the appellate court considered the parents' duty to control a minor child under section 316. It found that the complaint did not state a cause of action because there were no allegations that the parents knew their son committed similar acts of violence and had the opportunity to control his actions.

Plaintiff argues that unlike *Pesek* her complaint specifically alleged prior similar incidents which put defendant on notice of her son's violent propensities. However, plaintiff cannot avoid the fact that *Pesek* considered the pleading requirements to establish the parents' duty to control the actions of their minor child, and in this case, defendant's son was an adult at the time of the incident.

Plaintiff has not presented this court with any Illinois authority that supports her argument that, under the facts alleged in the complaint, defendant took charge of her adult son and had a duty to con-

trol his actions. As a result, the trial judge properly dismissed plaintiff's complaint for failure to state a cause of action.

In her reply brief, plaintiff for the first time argues that the complaint states a cause of action for negligence against the estate of defendant's son. Because plaintiff did not raise this argument in the trial court or in her initial appellate brief, it is waived. (134 Ill. 2d R. 341(e)(7).) Despite the waiver, plaintiff's complaint did not allege any acts of negligence against defendant's son. Although plaintiff sued defendant individually and as administrator of her son's estate, the factual allegations of the complaint are only directed to defendant's individual liability. Plaintiff relies on an allegation in her complaint that as a result of the specified negligent acts and/or omissions of defendant, her son negligently discharged the gun and injured plaintiff. However, plaintiff did not allege any specific acts of the son's negligence in the complaint and did not even allege the facts surrounding the shooting itself. As a result, even if plaintiff did not waive the argument, her complaint failed to state a cause of action against the estate of defendant's son.

Affirmed.

McNULTY, P.J., and GORDON, J., concur.