JEFFREY M. GOLDBERG AND ASSOCIATES, LTD., f/k/a Jeffrey M. Goldberg, Ltd., *et al.*, Plaintiffs-Appellants, v. COLLINS TUTTLE AND COMPANY, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—92—4237

Opinion filed June 29, 1994.

Jeffrey M. Goldberg and James M. Geraghty, both of Jeffrey M. Goldberg & Associates, Ltd., of Chicago, for appellants.

Stephen G. Seliger and Clare Kralovec, both of Stephen G. Seliger, Ltd., and Joel M. Hellman, both of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

This action was brought by plaintiffs Jeffrey M. Goldberg & Associates, Ltd. (Goldberg & Associates), and Jeffrey M. Goldberg, individually, against defendants Collins Tuttle & Co. (Collins Tuttle), the managing agent of the property located at 20 North Clark Street, in Chicago, Illinois (property/building); Harris Trust and Savings

Bank, the legal title holder of the property, as trustee under trust number 39038 (Harris Trust); 20 North Clark Limited Partnership (Clark Partners), the beneficial owner of the trust; Wiley Tuttle, the president of Collins Tuttle and a general partner in Clark Partners; Jutta Stone, a vice-president and the Chicago manager of Collins Tuttle and a limited partner in Clark Partners; and Herbert Papock, an officer of Collins Tuttle and a general partner in Clark Partners, in a dispute over a lease for office space in suite 3100 of the building. Later, plaintiffs added Hiro Real Estate Company (Hiro) as a defendant. Plaintiffs invoked the doctrine of promissory estoppel and alleged that defendants were guilty of fraud. These claims were dismissed on the basis that plaintiffs' reliance on the words and conduct of defendants was unreasonable as a matter of law. Plaintiffs appeal the dismissal of the pleadings. We reverse and remand.

The issues for review by this court are (1) whether the trial court erred in dismissing plaintiffs' promissory estoppel claims; (2) whether the trial court erred in dismissing plaintiffs' fraud claim; (3) whether the trial court erred in refusing to allow plaintiffs to file a third amended complaint; and (4) whether the judgment of the trial court should be affirmed on the basis of plaintiffs' failure to cite to the record in their statement of facts in their appellate brief.

In April of 1981, plaintiffs entered into a lease with Collins Tuttle for office space at 20 North Clark Street. The lease was executed by Jeffrey M. Goldberg on behalf of Goldberg & Associates and Jutta Stone on behalf of Collins Tuttle. In late 1986, plaintiff Goldberg & Associates began to look for a new larger office space in order to meet the requirements of its growing law practice. Stone discovered that plaintiffs were considering relocating and she contacted plaintiffs in an effort to retain them as tenants in the building. Stone urged plaintiffs to consider leasing suite 3100. Ultimately, plaintiffs and Stone agreed that the firm would lease suite 3100 pending the completion of drawings for improvements of said suite and the receipt of an estimate for the costs of construction.

In May of 1987, Stone mailed plaintiffs a lease. Pursuant to the parties' agreement, plaintiffs made an initial payment of $30,000 to Collins Tuttle; employed architects and designers to draft plans for suite 3100; designed and ordered custom-built furnishings, woodwork and cabinets for suite 3100; and employed personnel to supervise the construction and improvements. Simultaneously, Collins Tuttle demolished all the impediments in suite 3100 in accordance with the plans and drawings submitted to it by plaintiffs, under the supervision of plaintiffs' architects.

On or about July 13, 1987, plaintiffs returned an executed lease

to Collins Tuttle. Stone acknowledged having received the lease and confirmed that defendants had agreed to it. By this time, Collins Tuttle had spent approximately $100,000 on construction in suite 3100 pursuant to plaintiffs' plan and construction was 75% complete. Plaintiffs had likewise spent a considerable amount of money for custom-built and designed cabinets and telephone and computer systems, and had actually paid for the supervision of the renovation which was performed by Collins Tuttle employees. On July 23, 1987, plaintiffs were informed by Stone that the building was being sold to Hiro but that the lease agreement was binding. Later, on August 20, 1987, plaintiffs were advised that Hiro had refused to permit Collins Tuttle to honor its agreement with plaintiffs. Collins Tuttle, at Hiro's request, attempted to convince plaintiffs to agree to a lease requiring them to pay substantially higher rent.

On August 28, 1987, plaintiffs filed a complaint to enjoin the sale of Collins Tuttle to Hiro. The trial court ordered Collins Tuttle to tender a lease to plaintiffs. Collins Tuttle then tendered a lease to plaintiffs which was identical to a lease that it refused to sign at an earlier date. Goldberg & Associates executed the lease and returned it to Collins Tuttle. Collins Tuttle, however, refused to honor this second lease on the basis that its counsel, Stanton Schuman, had submitted the lease to plaintiffs in error. Subsequently, a third lease, containing the objectionable terms requested by Hiro, was tendered to plaintiffs and executed by all of the parties.

On September 16, 1988, plaintiffs filed an amended complaint joining Hiro as a defendant. Collins Tuttle and Hiro moved to dismiss plaintiffs' amended complaint on the basis that plaintiffs' claims were precluded by application of the Statute of Frauds. Defendants' motion was denied.

On November 16, 1989, plaintiffs filed an amendment to their complaint. Defendants responded by attempting to remove the case to Federal court. Ultimately, the cause was remanded back to the circuit court of Cook County with an award to plaintiffs of their expenses and costs incurred as a result of the improvement transfer. Thereafter, defendants filed a motion to dismiss the amendment. On September 18, 1990, the trial court denied defendants' motion to dismiss plaintiffs' fraud claim, but dismissed all counts in which plaintiffs alleged breach of contract. The court relied on paragraph 24—J of the lease in dismissing plaintiffs' claims relying on estoppel. Paragraph 24—J reads as follows:

> "Submission of this lease for examination of signature by tenant does not constitute a reservation or option or agreement to lease, but shall only be binding upon landlord when it has been fully ex-

ecuted and delivered by landlord. This lease contains the entire agreement of the parties and may not be modified except in writing."

On December 3, 1990, plaintiffs moved to reconsider the order of September 18, 1990. The trial court granted plaintiffs leave to file an amended complaint. In so doing, the court noted that plaintiffs would be adding additional allegations in order to support their claim of estoppel, that estoppel is a matter of fact not an issue of law, and that the contract provision requiring execution by both parties would not bar an action based upon estoppel.

On February 6, 1991, plaintiffs filed their second amended complaint. In count I of the second amended complaint, plaintiffs sought specific performance from Collins Tuttle of Collins Tuttle's alleged agreement to lease the premises. In count III, plaintiffs sought damages from defendants for breach of an alleged agreement to lease the premises. Counts I and III were based on the doctrine of promissory estoppel. In count IV, plaintiffs sought damages from defendants for an alleged fraud. Defendants subsequently moved to dismiss the second amended complaint. During a May 9, 1991, hearing on the motions, the trial judge commented: "I have seen the language, I'm aware of the language, and I am aware of its consequences and so forth. So that takes care of counts I, II, III, and VI, right?" On August 12, 1991, the trial court dismissed counts I, III, and IV of plaintiff's second amended complaint.

Plaintiffs then filed a motion for reconsideration of the trial court's order. Throughout the hearing on the motion for reconsideration, plaintiff Goldberg & Associates argued that it had presented a question of fact as to whether its reliance was reasonable. On January 3, 1992, the trial judge denied the motion.

Following the trial court's denial of plaintiffs' motion for reconsideration, defendants' counterclaims against plaintiff Jeffrey Goldberg remained. Ultimately, plaintiffs settled their claims against Hiro. On the eve of plaintiffs' settlement with Hiro, Collins Tuttle voluntarily moved to dismiss its counterclaim.

Plaintiffs then requested leave to file a third amended complaint. By their third amended complaint, plaintiffs sought to set forth two counts against defendants Collins Tuttle, Harris Trust, Clark Partners, Wiley Tuttle, Jutta Stone and Herbert Papock: Count I would have alleged promissory estoppel and count II would have alleged fraud. Defendant Collins Tuttle made a motion to dismiss a previously filed counterclaim. On November 9, 1992, the trial court heard arguments on plaintiffs' motion for leave to file a third amended complaint and on Collins Tuttle's motion to dismiss. During

the hearing, the trial court denied plaintiffs' motion and granted Collins Tuttle's motion to dismiss its counterclaim against Jeffrey Goldberg. Upon reaching its decision, the court stated: "I am denying that motion as a matter of law. Okay. Based, if you will on *I.K. v. One F[inancial] Place Partnership.*" Plaintiffs appealed following this order.

Next, plaintiffs contend that the trial court erred in dismissing their counts based on the doctrine of promissory estoppel. We agree. In the present case, the trial judge dismissed plaintiffs' second amended complaint on the basis of the holding in *IK Corp. v. One Financial Place Partnership* (1990), 200 Ill. App. 3d 802, 805-15, 558 N.E.2d 161, 162-70. In *IK Corp.*, the plaintiff, IK, was interested in leasing another suite in the lessor's building. Another tenant, First Options, had a lease for the space to which plaintiff wanted to move; however, First Options had previously advised the lessor that it did not intend to renew its lease. Subsequently, the lessor and IK agreed on the terms of a lease for said suite. The lessor's managing partner presented IK with a draft of a lease. This initial draft deviated from the parties' agreement in that the term of the lease was longer and operating costs and expenses were higher. IK objected. The lessor sent a revised lease to IK that was consistent with the parties' prior agreement. Before the lease was signed by the parties, however, First Options informed the lessor that it intended to retain its lease on the space in question. The lessor then took the position that it had no obligation to IK, as the lease had not been signed. IK filed suit. The lessor moved to dismiss, arguing that plaintiff failed to state a cause of action because the lease agreement between the parties was never signed and delivered as required by paragraph 24—J of the lease. The trial court agreed and dismissed the case with prejudice. IK appealed. On appeal, IK argued that even if there was no contract for lack of execution and delivery, the landlord should be estopped from asserting this because it had represented to IK that the lease would take effect. IK based its claim of estoppel on statements made by the lessor regarding the tenancy condition of the space. This court affirmed the trial court's decision based upon the unreasonableness of IK's reliance upon the landlord's statements.

The facts in *IK Corp.*, however, are distinguishable from the facts in the present case. In the present case, plaintiffs alleged that they hired architects and designers to draft plans for suite 3100 and that they purchased custom-design mill work, cabinets, furnishings, and computer and telephone systems for said suite. Plaintiffs further alleged that they believed that there was an agreement for the lease of suite 3100 pursuant to statements made by defendants Jutta Stone

and Wiley Tuttle. Plaintiff Jeffrey Goldberg had regular conversations with defendant Stone, who never advised him that the ongoing construction he was paying to supervise would not be occupied by him. Furthermore, defendant Collins' attorneys have admitted that as late as August 7, 1987, plaintiff Goldberg had no reason to suspect that the lease was not in force.

■ The underlying purpose of the doctrine of promissory estoppel is to protect innocent parties. (*S.N. Nielsen Co. v. National Heat & Power Co.* (1975), 32 Ill. App. 3d 941, 943-44, 337 N.E.2d 387, 389.) In order to establish a claim based upon promissory estoppel, a plaintiff must allege and prove (1) that the defendant made an unambiguous promise; (2) that plaintiff relied on said promise; (3) that plaintiff's reliance was expected and foreseeable by defendant; and (4) that plaintiff relied on the promise to its detriment. (*Camosy, Inc. v. River Steel, Inc.* (1993), 253 Ill. App. 3d 670, 675, 624 N.E.2d 894, 897; *Vajda v. Arthur Andersen & Co.* (1993), 253 Ill. App. 3d 345, 356, 624 N.E.2d 1343, 1350.) In the present case, plaintiffs made allegations with respect to each of these elements. Therefore, the language in paragraph 24—J of the lease does not bar plaintiffs from invoking the doctrine of promissory estoppel. See *20/20 Vision Center, Inc. v. Hudgens* (1986), 256 Ga. 129, 130-35, 345 S.E.2d 330, 332-35; *Greenstein v. Flatley* (1985), 19 Mass. App. Ct. 351, 352-57, 474 N.E.2d 1130, 1131-34.

Next, plaintiffs contend that the trial court erred in dismissing their fraud claim in count V of the second amended complaint. In moving to dismiss this claim, defendants argued that plaintiffs' reliance upon their statements and conduct was not justifiable or actionable in fraud pursuant to *Runnemede Owners, Inc. v. Crest Mortgage Corp.* (7th Cir. 1988), 861 F.2d 1053, 1058.

Initially, the trial court rejected defendant's arguments and held that plaintiffs had stated a cause of action for fraud. Plaintiffs amended their complaint again, adding supplemental allegations to support estoppel, and repleading count V, the previously sustained fraud claim. Again, defendants moved to dismiss the fraud claim, arguing that plaintiffs' reliance on their words and conduct was unreasonable as a matter of law. On August 12, 1991, the trial court granted defendants' motion to dismiss plaintiffs' fraud claim, overruling its previous decision.

■ In order to establish a cause of action for fraud, plaintiffs must allege and prove that the defendants: (1) made a false statement of material fact; (2) that defendants knew or believed it to be false; (3) that defendant made said statement with the intent to induce action by another in reliance on the statement; (4) that there was an action

by the other in reliance on the truthfulness of the statement; and (5) that there was injury to the other resulting from that reliance. (*State Security Insurance Co. v. Frank B. Hall & Co.* (1994), 258 Ill. App. 3d 588, 591-92, 630 N.E.2d 940, 943.) A statement of material fact is one upon which the plaintiff could reasonably rely in determining whether or not to act. *State Security Insurance Co.*, 258 Ill. App. 3d at 592, 630 N.E.2d at 943.

■ A disputed issue in the present case is whether plaintiffs were reasonable in relying upon the words and conduct of defendants in regards to leasing suite 3100. Whether or not a party has reasonably relied on a statement is a question for the trier of fact. (*Obermaier v. Obermaier* (1984), 128 Ill. App. 3d 602, 607, 470 N.E.2d 1047, 1051.) We hold that a question of fact exists as to whether plaintiffs' reliance was reasonable. Therefore, it was error for the trial court to dismiss plaintiffs' fraud count.

■ Plaintiffs also contend that the trial court erred in precluding them from filing a third amended complaint. We agree. Amendments to pleadings should be liberally allowed to permit parties to fully present their causes of action. (*Bowe v. Abbott Laboratories, Inc.* (1992), 240 Ill. App. 3d 382, 389, 608 N.E.2d 223, 228.) There is a strong policy which favors an adequate hearing of a litigant's claim on the merits. (*Bowe*, 240 Ill. App. 3d at 388, 608 N.E.2d at 227.) Although a court may consider the efficacy of a claim in deciding whether or not to allow an amendment to the pleadings, any doubt should be resolved in favor of an amendment. (*Bowe*, 240 Ill. App. 3d at 389, 608 N.E.2d at 228.) If a plaintiff can state a cause of action by amending the pleadings, a case should not be dismissed with prejudice on the pleadings. (*Bowe*, 240 Ill. App. 3d at 388-89, 608 N.E.2d at 227.) Only when no set of facts entitling a plaintiff to relief can be proved under the pleading may a reviewing court affirm a motion to dismiss. *Basler v. Webb* (1989), 188 Ill. App. 3d 178, 180, 544 N.E.2d 60, 62.

■ Four factors are to be considered in determining whether the trial court abused its discretion in refusing an amendment: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16; see also *Bowe*, 240 Ill. App. 3d at 389, 608 N.E.2d at 227-28.

■ After analyzing the proposed amendments to plaintiffs' complaint in light of the requirements set forth in *Loyola Academy* and

the aforementioned case law favoring amendments to pleadings, we hold that plaintiffs should have been given an opportunity to amend their complaint. Specifically, the proposed amendment would have corrected any defects in the prior pleadings, as it deleted the prayers for specific performance, all references to recovery based on contract and any references to acts occurring after the sale of the building to defendant Hiro. With respect to the second and third *Loyola Academy* factors, we hold that it would be disingenuous for defendants to claim that they would suffer prejudice or surprise as a result of the allegations set forth in the third amended complaint, as these are issues which plaintiffs have been litigating for two years and as this matter is still in the pleading stages, with only limited discovery having been completed. Plaintiffs have also complied with the fourth prong of the *Loyola Academy* test. Here, plaintiffs' fraud count had previously been sustained by the first trial judge to hear the case and thus there was never a reason for plaintiffs to seek leave to amend it until another judge struck the claim in the second amended complaint. The claim in question which was virtually identical to that sustained by the first trial judge in his decision denying the motions to dismiss the fraud claim in the amendment to the amended complaint. Thus, we reverse the ruling of the trial court which denied plaintiffs leave to file their third amended complaint.

■ Finally, defendants maintain that the judgment of the trial court should be affirmed because of plaintiffs' failures to cite to the record in the statement of facts contained in their brief, in violation of Illinois Supreme Court Rule 341(e)(6) (134 Ill. 2d R. 341(e)(6)). Illinois Supreme Court Rule 341(e)(6) requires an appellant to submit a brief that contains a statement of facts which makes "appropriate references to the pages of the record on appeal." (134 Ill. 2d R. 341(e)(6).) A party's failure to comply with Rule 341 is grounds for disregarding its arguments on appeal based on an unreferenced statement of facts. (*Coombs v. Wisconsin National Life Insurance Co.* (1983), 111 Ill. App. 3d 745, 746, 444 N.E.2d 643, 644.) In the present case, however, plaintiffs cited to the record in their brief where it was appropriate for them to do so. The defendants' contention is without merit.

For the aforementioned reasons, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.