2019 IL App (1st) 190777-U

FIRST DIVISION
December 16, 2019

No. 1-19-0777

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| SALINA CRESPO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 11 D 79047 |
| | ) | |
| PIERRE GARDNER, | ) | The Honorable |
| | ) | Pamela E. Loza, |
| Respondent-Appellant. | ) | Judge Presiding. |

JUSTICE PIERCE delivered the judgment of the court.
Justices Hyman and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held:*   The judgment of the circuit court finding respondent to be in indirect civil contempt for failing to pay child support is affirmed. The remainder of respondent's appeal is dismissed for lack of jurisdiction.

¶ 2    Respondent Pierre Gardner, acting *pro se*, appeals from a March 19, 2019, circuit court order finding him in indirect civil contempt for failing to pay $9235.87 in child support to petitioner Salina Crespo. He also raises arguments related to two orders entered on April 12, 2019, which modified his child support obligations and ordered him to pay a portion of the child representative's fee to appear at an upcoming trial. On appeal, Gardner contends that the circuit

court (1) found him in indirect civil contempt "without proving failure to support willfully without lawful excuse;" (2) improperly modified its previous child support order; and (3) should not have ordered him to pay part of the child representative's fee to appear at trial. Crespo has not filed an appellee brief, and we therefore consider this appeal solely on Gardner's brief and the record on appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 3     We find that we lack jurisdiction to consider Gardner's arguments regarding the child support modification order and the order requiring Gardner to pay the child representative's trial fee because those orders were not identified in Gardner's notice of appeal. The only judgment date identified in Gardner's notice of appeal was March 19, 2019, and even liberally construing his notice of appeal as whole, nothing in the notice of appeal can be fairly understood as identifying the substance of the April 12, 2019, orders. We do have jurisdiction over the circuit court's indirect civil contempt judgment and find that Gardner has not demonstrated *prima facie* reversible error. We therefore affirm the circuit court's finding of indirect civil contempt and dismiss the remainder of Gardner's appeal.

¶ 4                                    I. BACKGROUND

¶ 5     Gardner's *pro se* appellate brief does not comply with Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018), which requires a statement of facts that "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal[.]" Gardner's statement of facts consists of three sentences, each of which describes a circuit court order he seeks to appeal. He provides no description of the dispute between him and Crespo, provides no description of the proceedings leading to the orders he is attempting to appeal, and provides no

citations to the record on appeal in support of his statement of facts. "A party's failure to comply with Rule 341 is grounds for disregarding its arguments on appeal based on an un-referenced statement of facts." *Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co., Inc.*, 264 Ill. App. 3d 878, 886 (1994). Gardner's *pro se* status does not relieve his obligation to comply with our supreme court's rules. In this case, we choose to examine the relatively simple record on appeal to determine the nature of the dispute. The following facts are established by the record on appeal and are relevant to the issues on appeal.

¶ 6     In January 2011, Crespo filed a *pro se* petition to establish that Gardner was the biological father of Crespo's minor son, K.F., who was born February 6, 2004, and to order Gardner to pay child support. Crepso and Gardner were never married. Gardner filed a *pro se* appearance, and in February 2011, the circuit court entered an order of parentage, finding Gardner to be K.F.'s natural father. Gardner was ordered to pay $229.60 per month in child support and to pay 50% of K.F.'s uncovered medical expenses.

¶ 7     In April 2014, Crespo, through counsel, filed a petition for a rule to show cause alleging that Gardner was behind on his child support payments and owed her $5113.99. The circuit court continued the petition, allowed Gardner an opportunity to respond, and ordered him to bring his income tax returns and paystubs to the next court date. Gardner, through counsel, responded to the petition and filed a petition to modify his child support obligations. In October 2014, the circuit court entered an agreed order finding that Gardner owed $5432.79 in unpaid child support. He was ordered to pay $100 per month towards curing his arrearage, and his child support obligation was modified to 20% of his net pay, payable biweekly.

¶ 8     On February 10, 2015, the circuit court again modified Gardner's child support obligations, although the record on appeal does not contain any petition from either party seeking such relief.

The circuit court entered an agreed order that Gardner owed $5232.79 in unpaid child support. He was ordered to pay $277.33 per month in child support, and to pay $100 per month towards curing his arrearage.

¶ 9    In February 2018, Gardner, through new counsel, filed a petition seeking sole allocation of significant decision-making responsibilities and a majority of parenting time with K.F. According to the petition, Gardner had moved to Texas and asserted that Crespo was not facilitating a relationship between Gardner and K.F. Gardner subsequently filed a petition to set a parenting time schedule. The circuit court referred the parties to mediation, which was largely unsuccessful. The circuit court appointed the Cook County Public Guardian as the child representative for K.F., but the public guardian declined the appointment. The circuit court then appointed attorney Sandra J. Wortham as the child representative. The matter was continued for status on the child representative's investigation and report and for discovery matters.

¶ 10    In December 2018, Crespo filed a *pro se* petition for rule to show cause, asserting that Gardner was still behind on his child support payments and had not cured his arrearages. Gardner, through counsel, responded to the petition asserting that between January 2015 and December 2018, he paid Crespo $8340 in child support and arrearages payments. On March 19, 2019, the circuit court entered an order of adjudication of indirect civil contempt against Gardner for his failure to comply with the February 10, 2015, child support order. The circuit court found, after "having heard the testimony of the party and the witnesses, together with all pleadings, exhibits, and arguments of counsel, and being fully advised in the premises," that as of March 19, 2019, Gardner had failed to pay support in the amount of $9235.87. The circuit court "found and declared [Gardner] to be in indirect civil contempt of [c]ourt for willful failure to obey the [c]ourt's [March 19, 2019,] order." Gardner was ordered to pay $3500 by July 19, 2019, pay $100 per month

4

towards his arrearage, and to continue paying the regular $277.33 monthly support payment. The circuit court stayed any commitment order until July 19, 2019, and allowed Gardner to purge his contempt by paying $5000. Gardner has not provided this court with a transcript or bystander's report of the March 19, 2019, proceedings. Gardner's counsel filed a motion for leave to withdraw as well as a motion to set a trial date on Gardner's petition for decision-making responsibility and a majority of parenting time.

¶ 11    On April 12, 2019, the circuit court entered another support order, identifying an arrearage of $4778 and entering a judgment against Gardner for that amount. The circuit court ordered that Gardner pay $277 per month in support, plus $100 per month in arrearage payments. In a separate order dated April 12, 2019, Gardner's counsel was granted leave to withdraw. The circuit court set Gardner's pending petition for decision-making responsibility and a majority of parenting time for trial and ordered each party to pay $1500 for Wortham's trial retainer fee.

¶ 12    Gardner filed a *pro se* notice of appeal on April 12, 2019. The date of the judgment or order being appealed was listed as March 19, 2019. Gardner's notice of appeal contained a handwritten statement: "I was force [*sic*] to sign a contract I didn't give consent to. I submit this case to the courts for adjudication on stipulated facts. *State v. Lothenback*, 296 N.W.2d 854 [(Minn. 1980)]." As for the relief sought, Gardner's notice of appeal contained the handwritten statement: "I never wave [*sic*] my right to a trial, I was not ask [*sic*] or made no statements about waiver my [*sic*] specific rights to testify at trial, to cross-examine witness, or to subpoena witnesses to testify on my behalf."

¶ 13                                    II. JURISDICTION.

¶ 14    We have an independent duty to ascertain our jurisdiction. We find that Gardner's notice of appeal does not confer this court with jurisdiction to consider any of the circuit court's April

5

12, 2019, orders, as those orders were not identified or described in Gardner's notice of appeal. An appeal is initiated by filing a notice of appeal, and no other step is jurisdictional. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A notice of appeal must "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). A notice of appeal is to be liberally construed and considered as a whole, and will sufficiently confer this court with jurisdiction " 'when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991)). "An unspecified judgment may be reviewed if it directly relates to the judgment or order sought to be reviewed [citations] or is a step in the procedural progression leading to the judgment specified in the notice of appeal. [Citations]." *People ex rel Burris v. Maraviglia*, 264 Ill. App. 3d 392, 398 (1993).

¶ 15    Here, as in *Smith*, Gardner's notice of appeal, "no matter how liberally construed, cannot be said to have fairly and adequately set out the judgment complained of" (*Smith*, 228 Ill. 2d at 104) with respect to the circuit court's April 12, 2019, orders. The notice of appeal specifically identifies March 19, 2019, as the date of the judgment or order being appealed but does not identify April 12, 2019. None of the handwritten portions of the notice of appeal describe the circuit court's child support modification order or the order to pay a portion of Wortham's trial retainer fee. The April 12, 2019, orders are not directly related to the March 19, 2019, contempt order. Furthermore, the April 12, 2019, orders occurred after the March 19, 2019, contempt order and there is no possibility that the April 12, 2019, orders were part of the procedural progression leading to the contempt order. We therefore lack jurisdiction to consider either of the April 12, 2019, orders.[1]

---

[1]We express no opinion as to whether those orders were final and appealable orders.

¶ 16    We do have jurisdiction to consider the March 19, 2019, order of indirect civil contempt, as Gardner's notice of appeal was filed within 30 days of that order, specifically identified March 19, 2019, as the date of the order or judgment being appealed, and it is "an order finding a person *** in contempt of court that imposes a monetary or other penalty" that is an appealable order under Rule 304(b)(5) (eff. Mar. 8, 2016).

¶ 17                                    II. ANALYSIS

¶ 18    Gardner argues that the circuit court erred by finding him in indirect civil contempt. He contends that there was no proof that he willfully and without lawful excuse failed to pay child support. The argument section of Gardner's appellate brief does not comply with Rule 341(h)(7) (eff. May 25, 2018), as he fails to provide citations to authority and to the record on appeal to support his arguments, resulting in forfeiture.

¶ 19    In addition to having forfeited his argument, Gardner has not provided this court with a transcript or bystander's report of the circuit court's hearing on Crespo's petition for a rule to show cause, which precludes any meaningful review of the circuit court's contempt judgment. "[W]hether a party is guilty of contempt is a question of fact for the trial court," and we "will not disturb the finding unless it against the manifest weight of the evidence or the record reflects an abuse of discretion." *In re Marriage of Logston*, 103 Ill. 2d 266, 286-87 (1984). The circuit court's contempt order indicates that it reached its contempt judgment after "having heard the testimony of the party and the witnesses, together with all pleadings, exhibits, and arguments of counsel, and being fully advised in the premises[.]" See *supra* ¶ 10. As the appellant, it was Gardner's burden to supply this court with a sufficiently complete record to support his claim of error. *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Absent a transcript or a bystander's report, we cannot discern what evidence the

circuit court heard or considered in reaching its judgment. "Without this information, we must presume that the trial court did not act arbitrarily but within the bounds of reason, keeping in mind relevant legal principles." *Hansen*, 2016 IL App (1st) 143720, ¶ 15 (citing *Foutch*, 99 Ill. 2d at 391-92). Gardner has not provided us with a sufficiently complete record to support his contentions of error, and we have no basis from which to conclude that the circuit court committed any reversible error by finding Gardner in indirect civil contempt. We therefore affirm the circuit court's judgment.

¶ 20                                    IV. CONCLUSION

¶ 21     For the foregoing reasons, the circuit court's judgment of March 19, 2019, finding Gardner in indirect civil contempt is affirmed, and we dismiss the remainder of Gardner's appeal for lack of jurisdiction.

¶ 22     Affirmed in part and dismissed in part.