2026 IL App (1st) 250868-U

SECOND DIVISION
February 17, 2026

No. 1-25-0868

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TENISHA E. WHITE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25L4277 |
| | ) | |
| CITY OF ALTON and ALTON POLICE DEPARTMENT, | ) | Honorable |
| | ) | Stephanie D. Saltouros, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court's *sua sponte* dismissal of a plaintiff's complaint for failure to file in the proper venue reversed and remanded for consideration of the defendants' motion to transfer venue.

¶ 2   Plaintiff, Tenisha E. White, filed a complaint against the City of Alton and the Alton Police Department (collectively, the Alton defendants), alleging that they committed misconduct, stalking, and harassment. The Alton defendants filed a motion to transfer venue alleging that the complaint should have been brought in Madison County, where the Alton defendants were located. Rather than ruling on the Alton defendants' motion to transfer venue, the circuit court *sua sponte*

dismissed White's complaint with prejudice. For the reasons that follow, we reverse that order and remand for further proceedings.

¶ 3     The record shows that, on March 27, 2025, White filed a complaint against the Alton defendants, alleging that she "lived in this area in 2022" and that she reported several break-ins to her home. White alleged that the Alton defendants "committed a crime towards [her] on 02-04-2025" because a "police report from this date was changed to my old address on the initial report." White stated her belief that the Alton defendants were "purposely changing [her] information, stalking, [and] harassing" her, and alleged that they were committing "illegal abuse of access, misconduct, etc." White stated that she was "seeking [$]5.0 million in damages," and requested that the town be "properly and thoroughly investigated."

¶ 4     On April 28, 2025, the Alton defendants filed an appearance and a motion to transfer venue. The Alton defendants stated that the City of Alton is located at 101 E. Third Street, Alton, Illinois, and that the City of Alton's police department is located at 1700 E. Broadway, Alton, Illinois, both of which were "within the jurisdiction of Madison County." The Alton defendants further asserted that, pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-103(a) (West 2024):

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

¶ 5     The Alton defendants argued:

> "In view of the mandatory provisions of Section 2-103 of the Code of Civil Procedure and in light of the fact that the allegations of misconduct arose out of actions presumably occurring in the City of Alton, venue in Cook County is

improper. Accordingly, the City of Alton and the Alton Police Department request, pursuant to 735 ILCS 5/2-103(a), that this Court transfer Plaintiff's claims against them to Madison County."

¶ 6    Nine days later, on May 7, 2025, the court held a hearing on the Alton defendant's motion. No transcript from the hearing appears in the record on appeal.  The written order following the hearing reads, in full:

> "This matter coming to be heard on Defendant's motion to transfer venue and upon review of the pleadings by this honorable court, IT IS HEREBY ORDERED:

> Plaintiff's complaint is dismissed pursuant to 735 ILCS 5/2-615 without leave to replead in this venue, with prejudice."

¶ 7    White filed a timely notice of appeal seeking reversal of the May 7, 2025 order dismissing the case with prejudice. This court has jurisdiction over this appeal pursuant to Supreme Court Rule 301. Ill. S. Ct. R. 301 ("Every final judgment of a circuit court in a civil case is appealable as of right.").

¶ 8    As an initial matter, the Alton defendants have filed a motion to strike White's *pro se* appellant's brief, arguing that White's brief violates several rules of appellate briefing. This court took the Alton defendants' motion with the case. The Alton defendants point out that White's brief does not contain a table of contents pursuant to Rule 341(h)(1), an introductory paragraph pursuant to Rule 341(h)(2), a statement of jurisdiction pursuant to Rule 341(h)(4), a "Statutes Involved" section pursuant to Rule 341(h)(5), or an appendix in compliance with Rule 342. The Alton defendants also contend that White's argument section should be stricken as it "does not pertain to the alleged error in dismissing the Complaint but instead attempts to litigate the merits of the

3

underlying matter." The Alton defendants suggest that White "may be best served by refiling the Complaint in the appropriate venue."

¶ 9     We agree that White's brief violates several rules of appellate briefing. Ill. Sup. Ct. R. 341 (eff. Oct. 1, 2020) (governing the form and content of appellate briefs); see *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Compliance with Rule 341 is mandatory, and this court may, in its discretion, strike a brief and dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure. *Id.; Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 845 (2001); *Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co., Inc.*, 264 Ill. App. 3d 878, 886 (1994). Nonetheless, striking a brief and dismissing an appeal is a harsh sanction and is appropriate only when the violations of procedural rules hinder our review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005).

¶ 10     Although White's *pro se* status does not relieve her of the burden of complying with the rules for appellate briefing, this court has held that " 'our jurisdiction to entertain the appeal of a *pro se* plaintiff is unaffected by the insufficiency of his [or her] brief' so long as we understand the issue plaintiff intends to raise." *Twardowski v. Holiday Hospital Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001), quoting *Bielecki v. Painting Plus, Inc.*, 264 Ill. App. 3d 344, 354 (1994). Despite the deficiencies in White's brief, it is clear that she is challenging the trial court's decision to dismiss her complaint with prejudice. The Alton defendants also recognize that the "only issue on appeal is whether the trial court erred in dismissing the Complaint with prejudice to refile in Cook County pursuant to 735 ILCS 5/2-615." In the present case, the record is simple and the merits of the appeal can be readily ascertained. Accordingly, this court declines to strike her brief and we will consider the merits of the appeal.

¶ 11     White challenges the trial court's decision to dismiss her complaint pursuant to section 2-

615. On appeal, the standard of review for a motion to dismiss is *de novo,* because the resolution hinges on a question of law. *Heastie v. Roberts*, 226 Ill. 2d 515, 530 (2007).

¶ 12    Although the court invoked section 2-615, which "challenges the legal sufficiency of a complaint based on defects apparent on its face," (*Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006)), the court made no findings as to the sufficiency of the complaint, or whether any such deficiencies could be cured by repleading. Rather, the court dismissed the complaint "without leave to replead *in this venue*." (Emphasis added). Accordingly, it appears that the court's basis for dismissing the case was not that the complaint was legally insufficient, but because Cook County was not the appropriate venue for the dispute. The court left open the possibility for White to replead her complaint in a different venue, but foreclosed her the opportunity to pursue relief in Cook County.

¶ 13    Improper venue, however, is not an appropriate basis for dismissal. "Venue" refers to the "county in which [a] controversy shall be decided." *In re Estate of Prunty*, 2018 IL App (4th) 170455, ¶ 20. Venue is not jurisdictional, and challenges to venue may be waived. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 41, *as modified on denial of reh'g* (Nov. 24, 2014) ("Jurisdiction and venue are distinct legal concepts. Jurisdiction relates to the power of a court to decide the merits of a case, while venue determines where the case is to be heard. Statutory venue requirements are procedural only and do not have any relation to the question of jurisdiction."); *In re Marriage of Perlmutter*, 225 Ill. App. 3d 362, 382 (1992) ("The right of a party to seek a change of venue on the ground of prejudice may be waived if not asserted at the appropriate time.").

¶ 14    Pursuant to section 2-104 of the Code of Civil Procedure, "No action shall abate or be dismissed because commenced in the wrong venue if there is a proper venue to which the cause

may be transferred." 735 ILCS 5/2-104 (West 2024); see also *Slepicka,* 2014 IL 116927, ¶ 35 (invoking section 2-104 to reject the argument that a complaint should have been dismissed for failure to bring it in the appropriate venue); *Farris v. Illinois Workers' Compensation Commission*, 2014 IL App (4th) 130767WC, ¶ 62 (holding that pursuant to section 2-104, the trial court properly transferred the case to the proper venue rather than dismissing it); *Hardee's Food System, Inc. v. Illinois Human Rights Commission*, 155 Ill. App. 3d 173, 178-79 (1987) (Explaining the general rule that "where improper venue occurs, the only remedy is to transfer the cause to a court of proper venue rather than dismissal," but holding that such transfer would not apply to "vertical transfers from a circuit court to an appellate or supreme court.").

¶ 15     This rule is not a mere procedural technicality, and an improper dismissal in violation of section 2-104 can have real consequences for a plaintiff in having their dispute heard. An action that is timely filed in "the wrong venue and then transferred to the proper venue after the statutory filing period has expired * * * remains timely filed." *Kane County Defenders, Inc. v. Pollution Control Board*, 139 Ill. App. 3d 588, 590 (1985). By contrast, however, if a plaintiff timely files their complaint in the wrong venue and that complaint is dismissed, a later filing may be barred by the applicable statute of limitations. See *Arora v. State Farm Fire & Cas. Co.*, 2025 IL App (2d) 240522, ¶ 49 (refusing to excuse the statute of limitations bar, when the plaintiff timely filed the suit in "the wrong venue," the complaint was dismissed, and the plaintiff later filed an untimely complaint in the proper venue. The plaintiff's lack of diligence in seeking transfer or review of the earlier dismissal did "not warrant the application of the equitable tolling doctrine.").

¶ 16     Rather than *sua sponte* dismissing White's complaint with prejudice, the appropriate course would have been for the trial court to consider the Alton defendants' motion to transfer,

and to transfer the cause if appropriate. *Hardee's Food System, Inc.*, 155 Ill. App. 3d at 178. Accordingly, we remand the cause for the trial court to do so.

¶ 17     For the foregoing reasons, the trial court's judgment dismissing this matter with prejudice is reversed, and the cause is remanded for consideration of the Alton defendants' motion to transfer. [1]

¶ 18     Reversed and remanded.

---

[1] Finally, we note that White filed a motion in this court "[r]equest[ing] *** a status update," which this court took with the case. Because this court has now fully resolved this appeal, White's motion is not considered as moot.