BERNARD AGEE *et al.*, Plaintiffs-Appellants, *v.* FIRST NATIONAL BANK OF MAYWOOD *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-435

Opinion filed February 14, 1979.

Richard T. Sikes, of Chicago, for appellants.

Maurice L. Lewis and Frank C. Stanley, both of Chicago, for appellee First National Bank of Maywood.

Michael B. Mann, of Maywood, for appellees Donald Williams, Donora Realty Co., and John Peppers.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal by the plaintiffs, Bernard and Rosalie Agee, from orders of the circuit court of Cook County, which dismissed both their amended complaint against the defendants, the First National Bank of Maywood (the Bank), John Peppers (also called Frank Peppers), Donald Williams and Donora Realty Company (Donora) and their second amended complaint against Peppers, Williams and Donora for failure to state a cause of action.

On May 9, 1977, a fire destroyed the house which the Agees were purchasing from Peppers. Their fire insurance had expired March 9, 1977. The Agees filed suit against all the defendants, contending that by failing to provide, maintain and renew the fire insurance coverage for the house the defendants breached a duty they owed to the Agees and were liable for the loss of the house. The first complaint was dismissed.

The Agees filed an amended complaint alleging that they had earlier contracted to purchase the house from Peppers. Under the purchase contract and prior to March 9, 1977, they made monthly payments to Peppers and his agents, Williams and Donora. The payments were for principal, interest, taxes and fire insurance. They alleged that the Bank, as holder of the first mortgage on the house, received these funds from Peppers, Williams and Donora and maintained them in an escrow account for the purpose of providing fire insurance. The complaint stated that all the defendants had accepted the monies the Agees gave them for the fire insurance and had in fact provided fire insurance with these funds until March 1977. According to the complaint, there had been established a course and custom in dealing among all the parties that the defendants "should renew all insurance upon the expiration of any policy procured by the defendants." They stated that this meant that the defendants accepted responsibility for providing adequate fire insurance for the house or at least advising the Agees that the insurance could not or would no longer be provided and that the Agees had relied on the defendants for the insurance. They contended that this duty was breached and asked $35,000 in damages.

In a motion to dismiss, the Bank admitted it held the mortgage on the property and that it held the insurance funds in the escrow account, but disclaimed any duty to provide or maintain insurance on the property. The Bank contended that it had no contractual privity with the Agees and it pointed out that the Agees failed to allege in their complaint that they had made any insurance payments at all to the Bank. The Bank alleged that its responsibility was only to accumulate the money to pay the

insurance premiums and to pay such premiums to any insurance broker or agent selected by the Agees or other defendants. The court dismissed the Agees' amended complaint against the Bank and found that there was no just reason to delay enforcement or appeal. On a similar motion filed by the rest of the defendants, the court also struck the complaint but gave the Agees another opportunity to amend it.

In a second amended complaint the Agees realleged the assertions of the amended complaint: that all the named defendants (including the Bank) received money from the Agees to provide fire insurance prior to March 9, 1977, that the Agees relied upon the defendants to provide that insurance and that the defendants knew of the reliance. They stated that from 1967 to March 9, 1977, Peppers, Williams and Donora had provided insurance and it was an established course and custom of dealing among the parties that the defendants "should and would renew all insurance policies upon expiration." The Agees attached the sales contract between Peppers and themselves. The contract specifically named the offices of Donora as the place to which payments would be made. The contract contained a clause which, in part, stated that:

> "[The Agees] further agree to keep [the] * * *premises fully insured in companies acceptable to [Peppers] and deposit the policies with * * *[Peppers or the Bank]. And upon the expiration of any policies * * *[Peppers] shall have the right to, as agent [of the Agees] to place new insurance [on the property]* * *."

Williams, Donora and Peppers, in a motion to dismiss the second amended complaint, alleged that the real estate contract was the only basis for establishing any duty on the part of any of the defendants. According to Donora, Williams and Peppers, the contract states that the Agees, not anyone else, had the duty to obtain insurance. Further, they state that they were never notified by the Agees or the Bank that the property was not insured and that the Agees do not allege that any of the defendants had notice of the expiration of the insurance.

Finally, the defendant Williams contends that he was neither a party principal to the contract nor an agent of the principal nor in privity with any of the defendants nor the Agees, and that therefore, he could not have a duty to the Agees. The circuit court ruled that no cause of action could ever arise out of the facts alleged in any of the complaints filed by the Agees and dismissed the second amended complaint.

█ In a motion to dismiss for failure to state a cause of action in a complaint, the complaint must be liberally construed; all facts well pleaded are admitted as true; and all reasonable inferences are drawn from them. (*Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705, 707, 329 N.E.2d 252, 254.) The motion to dismiss should not be granted unless it is clearly evident that no set of facts under the pleading

could exist which would entitle the plaintiffs to relief. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 425, 286 N.E.2d 25, 26.) The Agees contend their complaint alleges a cause of action in negligence. To be entitled to such relief the complaint "must set out: the existence of a duty owed by the defendant[s] to the plaintiff[s], a breach of that duty and an injury proximately resulting from the breach." *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.

■■ Under the contract for the sale of the home between Peppers and the Agees, the primary duty for obtaining and maintaining fire insurance on the property rested with the Agees. Further, it is clear that the complaint does not allege that lack of insurance coverage resulted from the failure of one of the defendants to make an insurance payment when requested to do so, after the Agees had transmitted the payment to them. The injury alleged in the complaint resulted from the expiration of the insurance and defendants alleged failure to obtain or renew insurance after it had expired. Therefore, the question presented here is whether the Agees stated a cause of action against any of the defendants when they alleged that the defendants had undertaken the duty to maintain and renew the insurance by receiving money to maintain and renew it and under an established course and custom of dealing wherein the defendants would maintain and renew it at its expiration.

In *Hassell v. Sterling Federal Savings & Loan Association* (1971), 132 Ill. App. 2d 1005, 271 N.E.2d 7, it was held that if plaintiffs had the primary responsibility for obtaining and maintaining fire insurance, the acceptance, by the defendant mortgagee, of a monthly payment from the plaintiffs for insurance did not transfer to the mortgagee the duty to maintain and renew the insurance at its expiration or even place on the mortgagee a duty to advise the plaintiffs that payments were no longer being made to the insurance company. Similarly, in this case, the allegation that the defendants accepted money for the payment of the insurance alone is insufficient to state a duty on their part to maintain and renew the insurance for the Agees' house. See also *Rayborn v. Fort Thomas Building & Loan Association* (Ky. 1970), 453 S.W.2d 558; *Pence Mortgage Co. v. Stokes* (Ky. App. 1977), 559 S.W.2d 500.

However, the *Hassell* court went on to state that a course of conduct or custom of dealing could be sufficient to establish a readjustment of the duties among the parties such that the duty of renewal shifted from the plaintiffs to others. (*Hassell*, 132 Ill. App. 2d 1005, 1011, 271 N.E.2d 7, 11.) This also appears to be the law in other jurisdictions. For example, in *Pacheco v. Heussler* (1977), 56 App. Div. 2d 85, 390 N.Y.S.2d 761, when a mortgagee collected payments from plaintiffs for fire insurance and held the payments in an escrow account sufficient to pay the insurance premium after the lapse of the coverage through the date of the

destruction of the insured house it was found that a duty on the part of the mortgagee arose to renew the insurance. In that case the mortgagee knew that the policy had expired but continued to accept payments for insurance from the plaintiffs; the plaintiffs were unaware of the lapse of the policy. The mortgagee's failure to renew the policy, even though it had a contract right to do so, was a breach of duty which gave rise to a right in the plaintiffs to seek damages from the mortgagee.

In *Honaker v. Farmers Mutual Insurance Co.* (Del. Super. Ct. 1973), 313 A.2d 900, and *Colonial Savings Association v. Taylor* (Tex. 1976), 544 S.W.2d 116, the mortgagees who had maintained escrow accounts for the insurance payments had, through letters in which they said they would renew the insurance, and other conduct assumed the responsibility for renewing fire insurance on the plaintiffs' properties. And in *First Federal Savings & Loan Association v. Savage* (Ky. 1968), 435 S.W.2d 67, it was found that verbal assurances by a mortgagee to a mortgagor that fire insurance coverage existed on the mortgaged property when it did not and the mortgagee's continued collection of payments for fire insurance after the lapse of a policy, shifted to the mortgagee the duty to maintain and renew the insurance.

In the present case, although the Agees' complaints do not identically replicate any of the situations described, like those cases, the complaints do contain allegations of conduct which can be interpreted as shifting the burden of renewing the insurance to the defendants. In both amended complaints the Agees assert that it was the established custom that Peppers, Williams, Donora and the Bank renewed all insurance policies upon expiration. Liberally construing the complaints as we must, we believe that the allegations that the defendants have in fact renewed the policy in the past and that the plaintiffs relied on such conduct for the maintenance and renewal of the fire insurance on their property are sufficient to state a cause of action against the defendants for failing to renew the policy prior to the fire.

Both Williams and the Bank argue that since they are not parties to or mentioned in the contract between the Agees and Peppers which governs the question of duty in the case, there is a lack of privity between them and the Agees. This lack of privity, they claim, precludes the existence of a cause of action in favor of the Agees. We cannot agree. As noted in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 62, 250 N.E.2d 656, 660: the "lack of direct contractual relationship between the parties is not a defense in a tort action in this jurisdiction. Thus, tort liability will henceforth be measured by the scope of the duty owed rather than the artificial concepts of privity."

Here, although the contract may affect and define certain duties of the parties to it, that is, Peppers and the Agees, under a tort analysis, it

does not necessarily limit those duties or the parties to whom a duty is owed. (See *Hassell*, 132 Ill. App. 2d 1005, 1011, 271 N.E.2d 7, 11.) The existence of the contract between the Agees and Peppers certainly does not preclude the existence of a duty on the part of the Bank or Williams, grounded in custom and conduct and defined through the action of the parties, running to the Agees. See *Colonial Savings Association*, at 119-20.

We reverse the order of the circuit court of Cook County which dismissed both the amended and the second amended complaints of the Agees and remand the cause for further consideration.

Reversed and remanded.

SIMON, P. J., and McNAMARA, J., concur.