ALAN M. HUX, Plaintiff-Appellant, v. GEORGE W. WOODCOCK *et al.*, Defendants-Appellees.

Fifth District   No. 5—84—0496

Opinion filed February 15, 1985.

Bowen, Miller & Tungate, of Olney, for appellant.

Morris Lane Harvey, of Feiger, Quindry, Molt, Harvey, Fyie & Hawkins, ·of Fairfield, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Alan Hux, plaintiff, appeals from a judgment of the circuit court of Wabash County dismissing with prejudice his two-count complaint against defendants George Woodcock and Richard Kline. In count I, which is directed against both defendants, plaintiff alleged that he and Woodcock were partners engaged in the practice of law during 1974 and 1975, and that Kline entered this partnership and engaged in the practice of law with plaintiff and Woodcock during 1976. Plaintiff further alleged in count I that the partnerships of Woodcock and Hux and Woodcock, Hux and Kline have been dissolved, and that defendants have since collected large amounts of money for work performed by the partnerships. Plaintiff seeks, among other things, an accounting as to all sums of money received by defendants "in connection with works performed in 1974, 1975, 1976 and collected subsequent to January 1, 1977." In count II, directed only against Woodcock, plaintiff alleged that in 1975, Woodcock promised to give plaintiff one-half of Woodcock's one-half interest in certain real property, provided that plaintiff would pay one-fourth "of all subsequent costs and payments"; that during 1975, 1976 and 1977 plaintiff paid one-fourth of all costs, expenses, taxes, and note payments connected with this property; that Woodcock failed to assign the promised one-fourth interest in the property to plaintiff; and that Woodcock sold his and plaintiff's interest in the property in 1978. In count II, plaintiff sought an order directing Woodcock to pay plaintiff one-half of the proceeds received in the sale of the property, or, if Woodcock still owned the property, an order directing Woodcock to convey the promised interest in the land to plaintiff.

While the basis for the trial court's dismissal of the complaint with prejudice is not stated in the court's judgment, the record establishes that the court dismissed count I because of the failure of plaintiff to perform his obligations under an admitted agreement between plaintiff and Woodcock. In that agreement, according to the allegations of plaintiff's complaint, plaintiff agreed to enter Woodcock's law practice as a partner beginning January 1, 1974, and to pay Woodcock $44,500 for a 40% share of Woodcock's interest in the practice. Plaintiff's complaint further states that in December 1975 he paid Woodcock $4,978 as a principal payment and $3,115 in interest on the original $44,500 balance. An affidavit submitted by Woodcock indicates that plaintiff has made no other payments for his share of the partnership interest.

The Uniform Partnership Act (Ill. Rev. Stat. 1983, ch. 106½, par. 1 *et seq.*) has long been in effect in Illinois, and its provi-

sions govern the relationship between the parties to this dispute. Section 43 of the Act (Ill. Rev. Stat. 1983, ch. 106½, par. 43) provides that "[t]he right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." While the trial court in this case concluded that plaintiff's failure to perform his agreement with Woodcock dictated the dismissal of that count of his complaint which sought an accounting, our analysis of the applicable law compels us to reject that conclusion. In *Marcus v. Green* (1973), 13 Ill. App. 3d 699, 708, 300 N.E.2d 512, the court recognized the general rule that one partner cannot sue another at law until there has been a settlement of the partnership affairs and a balance struck. The court also noted that there are exceptions to this rule, however, and that a partner may maintain an action against a co-partner absent an accounting in certain situations, including upon claims involving express personal contracts between the partners, and, also, upon claims involving the failure to comply with an agreement constituting a condition precedent to the formation of a partnership. (13 Ill. App. 3d 699, 708-09.) While *Marcus* is not factually similar to the instant case, the principles articulated therein furnish some guidance here. Allowing a partner to sue another partner on an express personal contract, notwithstanding that there has been no partnership accounting, affords legal recognition to the simple reality that partners may elect to deal with one another in matters not related directly, or at all, to the carrying on of partnership business, and that resolution of disputes arising from personal contracts between partners need not involve the partnership. While it may be pointed out that the agreement between plaintiff and Woodcock was for the plaintiff's purchase of the partnership interest itself, this does not alter the conclusion that the agreement was a personal one, and not of the type requiring a partnership accounting as a prerequisite to its enforcement. The mere agreement to form a partnership did not of itself create the partnership (*Wilson v. Campbell* (1848), 10 Ill. 383, 402); rather, the partnership arose only when the parties actually "joined together to carry on a trade or venture for their common benefit, each contributing property or services, and having a community of interest in the profits." (*Peck v. Peck* (1959), 16 Ill. 2d 268, 280, 157 N.E.2d 249.) Here, plaintiff's complaint alleges facts which, if true, are sufficient to establish that he and Woodcock entered into a partnership in 1974, notwithstanding that plaintiff had not completed paying for his interest in the partnership. In view

of the sufficiency of these allegations of the complaint, and of the applicable principles of partnership law, we conclude that count I of the complaint is sufficient to state a cause of action for an accounting, and that the trial court erred in dismissing it. This conclusion does not mean, of course, that Woodcock could not maintain an action against plaintiff in an effort to recover any amounts that may be owed to him pursuant to the parties' personal agreement; rather, it means only that the possible existence of such an obligation on plaintiff's part does not bar his statutory right to an accounting.

In dismissing count II of plaintiff's complaint, the court relied on the Statute of Frauds relating to contracts for the sale of land. (Ill. Rev. Stat. 1983, ch. 59, par. 2.) Careful examination of count II reveals, however, that plaintiff does not allege that he and Woodcock entered into a contract with respect to the real estate in question, but, rather, alleges that Woodcock promised to give plaintiff an interest in the land if plaintiff paid one-fourth of all taxes, costs, expenses, and note payments connected with it. While a promise to make a gift in the future is normally unenforceable (*Gustafson v. Lindquist* (1976), 40 Ill. App. 3d 152, 155, 351 N.E.2d 280), we are of the opinion that count II of plaintiff's complaint, which must be liberally construed (*Agee v. First National Bank* (1979), 68 Ill. App. 3d 794, 796, 386 N.E.2d 899), is sufficient to state a cause of action under the doctrine of promissory estoppel. A party is estopped from denying the validity of a promise where it is made with the intent that it be relied upon, and, in reliance on the promise, the promisee puts himself in such a position that grave injustice would result if the promise is not kept. (*Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1978), 65 Ill. App. 3d 907, 912, 382 N.E.2d 1250; Restatement (Second) of Contracts sec. 90 (1981).) A promise to make a gift may give rise to an estoppel when the promisee's reliance on the promise is "foreseeable and reasonable and involves a definite and substantial change of position which would not have occurred if the promise had not been made." (Restatement (Second) of Contracts sec. 90, comment f, at 246-47 (1981).) Here, count II of plaintiff's complaint, liberally construed, sufficiently alleges that Woodcock promised to convey an interest in the real estate in question to plaintiff upon plaintiff's payment of a share of the expenses connected with the property; that plaintiff, pursuant to this promise, paid these expenses; and that Woodcock did not keep his promise to make the conveyance. While it cannot be said at this stage whether invocation of the promissory estoppel doctrine is necessary to correct or prevent a grave injustice here, we hold that plaintiff has pleaded sufficient facts to state

a cause of action, and that the court should not have dismissed count II of his complaint.

For the foregoing reasons, the judgment dismissing both counts of plaintiff's complaint is reversed, and this cause is remanded to the circuit court for further proceedings not inconsistent herewith.

Reversed and remanded.

WELCH and KARNS, JJ., concur.