DENNIS DeWITT *et al.*, Plaintiffs-Appellees, v. GEORGE C. FLEMING, a/k/a Fleming Trust, Defendant-Appellant.

Fifth District   No. 5—04—0016

Opinion filed April 6, 2005.

HOPKINS, J., dissenting.

Stephanie Flowers and Raymond E. McPhail, both of Bullington, White, McPhail, Jarman & Evans, P.C., of Hillsboro, for appellant.

No brief filed for appellees.

JUSTICE WELCH delivered the opinion of the court:

The defendant, George C. Fleming, also known as Fleming Trust, appeals from the judgment of the circuit court of Montgomery County in favor of the plaintiffs, Dennis and Sheila DeWitt, on their small claims complaint to recover the cost of a survey performed on a parcel of land, which the defendant had orally promised to sell to the plaintiffs but subsequently refused to sell. On appeal, the defendant argues that the trial court erred in applying the doctrine of promissory estoppel because the doctrine of promissory estoppel cannot be used to bar the application of the statute of frauds. Because we conclude that promissory estoppel may be used as a defense but not as a cause of action, we reverse the judgment of the trial court.

Although no brief has been filed on behalf of the appellees, we are able to consider this appeal on the merits pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

On August 18, 2003, the plaintiffs, *pro se*, filed a small claims complaint against the defendant. The plaintiffs sought to recover the cost of the survey, which was $2,382.45. In the complaint, the plaintiffs alleged that the defendant had orally agreed to sell them the property,

that after the survey was performed, the defendant refused to sell them the property, and that the defendant refused to pay for the survey.

On September 11, 2003, the defendant filed a motion to dismiss the plaintiffs' complaint, based upon the statute of frauds (740 ILCS 80/2 (West 2002)). The defendant argued that the complaint was "based upon a verbal agreement to sell real estate." On September 19, 2003, the trial court heard arguments on the motion to dismiss and took the matter under advisement. By docket entry dated September 26, 2003, the trial court denied the defendant's motion to dismiss. The docket entry provided, in pertinent part, as follows:

> "Plaintiff is seeking to recover the cost of a survey, not to enforce a contract to sell real estate, the latter being clearly barred by the [s]tatute of [f]rauds. The factual situation at this stage of the proceedings is not sufficiently clear for the purposes of a [s]ection 2—619 [(735 ILCS 5/2—619 (West 2002))] motion to determine if this claim is barred by [section 2 of the Frauds Act (740 ILCS 80/2 (West 2002))]. Accordingly, the [m]otion to [d]ismiss is denied and the [s]tatute of [f]rauds shall be considered as an affirmative defense."

Following a bench trial on October 27, 2003, in which the plaintiffs presented uncontradicted testimony that the defendant had agreed to sell the land in question to the plaintiffs, the trial court took the matter under advisement. By docket entry dated October 31, 2003, the court entered a judgment in favor of the plaintiffs and against the defendant in the sum of $2,382.45 plus costs. The docket entry provided, in pertinent part, as follows:

> "Plaintiff is bringing an action for the cost of a survey which he obtained to purchase a 16.7[-]acre tract from Defendant for $800 an acre. Plaintiff is not suing to enforce the oral agreement, so the action is not barred by the [s]tatute of [f]rauds.
>
> There was no contract to obtain a survey, so if the Plaintiff is to prevail, he must do so on the theory of promissory estoppel. The elements of promissory estoppel are: 1) a promise, 2) reliance on the promise which is reasonable, and 3) a detriment suffered by the party. In this case, Defendant promised to sell the tract to Plaintiff and stated that he had no objection to Tony Hard doing the survey; Plaintiff reasonably relied on that promise in obtaining the survey; and Plaintiff suffered a detriment when he had to pay for the survey but did not get to purchase the real estate."

On November 5, 2003, the defendant filed a motion to reconsider. Following a hearing on December 8, 2003, the trial court denied the motion. The defendant filed a timely notice of appeal. On appeal, the defendant argues that the trial court erred in applying the doctrine of

promissory estoppel because the doctrine of promissory estoppel cannot be used to bar the application of the statute of frauds. However, because we conclude that promissory estoppel may be used as a defense but not as a cause of action, we do not reach the defendant's statute-of-frauds argument.

As this court explained in a recent ruling, in Illinois promissory estoppel is available only as a defense (*i.e.*, as a shield), not as a cause of action (*i.e.*, as a sword). In this court's opinion in *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003), we stated explicitly that promissory estoppel "is not a proper vehicle for direct relief," "cannot properly be pled as a cause of action," "is meant to be utilized as a defensive mechanism—not as a means of attack," and "does not form the basis for a damages claim." Unlike our dissenting colleague, we are not convinced that the Illinois Supreme Court's opinions in *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 110 (1999), and *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 287 (1990), directly contradict our holding in *ESM Development Corp.*

In *Doyle*, which was decided by the Illinois Supreme Court in 1999, the issue before the court was whether an employer could make unilateral changes to provisions in an employee handbook, in the absence of a previous reservation of the right to do so, that would operate to the disadvantage of existing employees. *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 110 (1999). The majority first considered *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482 (1987), in which the court had first recognized the enforceable effect of employee handbook provisions, and on the basis of *Duldulao* the majority concluded that after an employer is contractually bound to the provisions of an employee handbook, an attempted unilateral modification of its terms by the employer to an employee's disadvantage fails for a lack of consideration. *Doyle*, 186 Ill. 2d at 112-13. In other words, the *Doyle* majority decided the issue before it on the basis of contract law principles. Indeed, the majority declined to address at all the issue of promissory estoppel. *Doyle*, 186 Ill. 2d at 117. Then-Chief Justice Freeman, joined by Justice McMorrow, concurred in part with and dissented in part from the majority's disposition. Justice Freeman agreed with the majority that a contract existed, and he agreed that the case should be decided on contract law principles. *Doyle*, 186 Ill. 2d at 118 (Freeman, C.J., concurring in part and dissenting in part, joined by McMorrow, J.). However, Justice Freeman wrote that because the court had made a finding that a contract existed, he would address the issue of promissory estoppel and explicitly find that a remedy of promissory estoppel was not available to the plaintiffs under the facts of the case. *Doyle*, 186 Ill. 2d at 123

(Freeman, C.J., concurring in part and dissenting in part, joined by McMorrow, J.). Although our dissenting colleague cites Justice Freeman's position as a contradiction of this court's recent holding in *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003), we believe that Justice Freeman's position, constituting a minority position, is too remote and equivocal to be equated with a direct pronouncement from the Illinois Supreme Court that promissory estoppel clearly and explicitly exists as a proper vehicle for direct relief in Illinois.

In *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 287 (1990), decided nine years prior to the *Doyle* decision, the issue before the court was whether a letter of intent sent by one of the parties to the other was an enforceable contract giving rise to a cause of action by the latter party, who allegedly had been aggrieved by a breach of that contract. The court concluded that the letter of intent was ambiguous and that parol evidence was required to determine whether the parties intended the letter to serve as an enforceable contract. *Quake Construction, Inc.*, 141 Ill. 2d at 309. Having spent most of the opinion discussing the contract law principles that determined its decision (*Quake Construction, Inc.*, 141 Ill. 2d at 287-309), the court then turned to the impact that its holding would have on each of the four counts in the plaintiff's complaint. *Quake Construction, Inc.*, 141 Ill. 2d at 309. The second count of the complaint alleged detrimental reliance, restated by the court as promissory estoppel. *Quake Construction, Inc.*, 141 Ill. 2d at 309. In a scant two pages of its otherwise voluminous opinion, the court set out the elements of a claim for promissory estoppel and affirmed the appellate court's reversal of the dismissal of the second count, pending the determination, on remand, of whether the parties intended the letter of intent to serve as an enforceable contract. *Quake Construction, Inc.*, 141 Ill. 2d at 309-11. The court did not explicitly address the viability of a promissory estoppel claim brought by a plaintiff as a distinct cause of action. Because the court was not asked to rule on that question, and in fact did not rule on it, we are not as persuaded as our dissenting colleague that *Quake Construction, Inc.* stands for the proposition that promissory estoppel is a proper vehicle for direct relief in Illinois courts.

In the absence of directly controlling authority to the contrary, we decline to abandon our decision, made just two years ago, that promissory estoppel "is not a proper vehicle for direct relief," "cannot properly be pled as a cause of action," "is meant to be utilized as a defensive mechanism—not as a means of attack," and "does not form the basis for a damages claim." *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003). We believe that an explicit rule of law

that promissory estoppel exists only for defensive purposes in Illinois promotes the stability and integrity of Illinois jurisprudence and provides attorneys practicing in Illinois, as well as their clients, with a clear, stable guidepost to which they may conform themselves.

For the foregoing reasons, we reverse the judgment of the circuit court of Montgomery County.

Reversed.

KUEHN, J., concurs.

JUSTICE HOPKINS, dissenting:

In concluding "that promissory estoppel may be used as a defense but not as a cause of action" (357 Ill. App. 3d at 573), the majority relies upon *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003), in which this court stated that promissory estoppel "is not a proper vehicle for direct relief," "cannot properly be pled as a cause of action," "is meant to be utilized as a defensive mechanism—not as a means of attack," and "does not form the basis for a damages claim." Because I firmly believe that those statements in *ESM Development Corp.* were not accurate statements of Illinois law when they were made, are not accurate statements of Illinois law now, and are contrary to the Illinois Supreme Court's opinion in *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281 (1990), and because I firmly believe that the majority's holding in this case is contrary to the supreme court's opinion in *Quake Construction, Inc.*, I respectfully dissent.

It is interesting to note that in support of those statements in *ESM Development Corp.*, which was decided less than two years ago, the court cited only D. Dobbs, Remedies § 2.3, at 41-42 (6th ed. 1984). *ESM Development Corp.*, 342 Ill. App. 3d at 693. That hornbook, which is not a restatement of Illinois law, was almost 20 years old when the court relied upon it in *ESM Development Corp.* Moreover, the court in *ESM Development Corp.* did not cite any Illinois cases in support of those statements and did not mention the supreme court's opinions in *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104 (1999), and *Quake Construction, Inc.*, 141 Ill. 2d 281, which were directly on point.

In *Doyle*, Chief Justice Freeman set out the following overview of promissory estoppel:

> "Generally, courts have used the doctrine of promissory estoppel in order to enforce promises when consideration is lacking, such as in cases involving gratuitous promises, charitable subscriptions, and certain intrafamily promises. [Citation.] However, in recent

years, courts have expanded the use of the doctrine to enforce promises underlying otherwise defective contracts and promises made during the course of preliminary negotiations. In some instances, the doctrine has been employed to provide a remedy for reliance upon offers subsequently withdrawn. [Citation.] But, in all instances, application of promissory estoppel is appropriate only in the absence of an express agreement. The doctrine serves to impute contractual stature based upon an underlying promise and to provide a remedy to the party who detrimentally relies on the promise. [Citation.]

In Illinois, to establish a claim based on promissory estoppel, a plaintiff must allege and prove that (i) defendant made an unambiguous promise to plaintiff, (ii) plaintiff relied on such promise, (iii) plaintiff's reliance was expected and foreseeable by defendant, and (iv) plaintiff relied on the promise to its detriment. *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 309-10 (1990)." *Doyle*, 186 Ill. 2d at 119-20 (Freeman, C.J., concurring in part and dissenting in part, joined by McMorrow, J.).

In *Quake Construction, Inc.*, the plaintiff filed a four-count complaint against the defendants and sought damages based upon, *inter alia,* promissory estoppel. *Quake Construction, Inc.*, 141 Ill. 2d at 284-85. The trial court dismissed the complaint with prejudice, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). *Quake Construction, Inc.*, 141 Ill. 2d at 285. The appellate court reversed the dismissal, finding that the plaintiff sufficiently alleged the elements of promissory estoppel. *Quake Construction, Inc.*, 141 Ill. 2d at 285, 310. The supreme court began its analysis of the plaintiff's promissory estoppel claim as follows:

"Plaintiff based count II on detrimental reliance, or in other words, promissory estoppel. To establish a claim based on promissory estoppel, plaintiff must allege and prove that (1) defendants made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment. [Citations.] Plaintiff's reliance must be reasonable and justifiable. [Citations.] Plaintiff may recover on a theory of promissory estoppel despite the absence of a contract. [Citations.]" *Quake Construction, Inc.*, 141 Ill. 2d at 309-10.

The supreme court then noted that, in support of the promissory estoppel claim, the plaintiff alleged that the defendants, both orally and through a letter of intent, had notified the plaintiff that the defendants had awarded a construction contract to the plaintiff; that, upon the defendants' demand, the plaintiff had expanded its office space, hired a project manager, secured subcontractors for the project,

provided the subcontractors' license numbers to the defendants, and prepared to perform the work required for the project; and that the defendants knew that the plaintiff had incurred great time and expense in performing these tasks. *Quake Construction, Inc.*, 141 Ill. 2d at 310-11. After reviewing these allegations, the supreme court agreed with the appellate court that the allegations were sufficient to allege a cause of action for damages based on promissory estoppel. *Quake Construction, Inc.*, 141 Ill. 2d at 310-11. Accordingly, the supreme court allowed the promissory estoppel claim to proceed. *Quake Construction, Inc.*, 141 Ill. 2d at 312.

The majority states that it is not convinced that the supreme court's opinion in *Quake Construction, Inc.* directly contradicts this court's holding in *ESM Development Corp.* I strongly disagree. In *ESM Development Corp.*, 342 Ill. App. 3d at 695, this court stated that promissory estoppel "is not a proper vehicle for direct relief," "cannot properly be pled as a cause of action," "is meant to be utilized as a defensive mechanism—not as a means of attack," and "does not form the basis for a damages claim." In *Quake Construction, Inc.*, 141 Ill. 2d at 310-12, the supreme court held to the contrary. The plaintiff's promissory estoppel claim in *Quake Construction, Inc.*, which the supreme court found stated a cause of action for promissory estoppel and which the supreme court allowed to proceed, sought direct relief, was pled as an affirmative cause of action, and sought damages. *Quake Construction, Inc.*, 141 Ill. 2d at 309-12.

In addition, there are numerous Illinois Appellate Court opinions holding that a plaintiff can state an affirmative cause of action for damages based on promissory estoppel. *E.g.*, *Skyline International Development v. Citibank, F.S.B.*, 302 Ill. App. 3d 79, 84 (1st Dist. 1998) (holding that the trial court properly granted a summary judgment in favor of the plaintiff on its claim for damages based on promissory estoppel); *Jeffrey M. Goldberg & Associates, Ltd. v. Collins Tuttle & Co.*, 264 Ill. App. 3d 878, 883-84 (1st Dist. 1994) (holding that the trial court erred in dismissing the plaintiffs' claim for damages based on promissory estoppel); *Vajda v. Arthur Andersen & Co.*, 253 Ill. App. 3d 345, 356 (1st Dist. 1993) (holding that the trial court's entry of a summary judgment in favor of the defendants on the plaintiff's claim for damages based on promissory estoppel was improper because a fact finder could have found sufficient evidence to support a promissory estoppel claim); *Derby Meadows Utility Co. v. Inter-Continental Real Estate*, 202 Ill. App. 3d 345, 361 (1st Dist. 1990) (holding that the trial court erred in dismissing the plaintiff's promissory estoppel claim because the plaintiff's allegations were sufficient to state a cause of action for promissory estoppel); *First National Bank of Cicero v. Syl-*

*vester*, 196 Ill. App. 3d 902, 911-12 (1st Dist. 1990) (holding that the trial court improperly granted a summary judgment in favor of the counterdefendant on the counterplaintiff's claim for damages based on promissory estoppel because there were genuine issues of material fact); *Gold v. Dubish*, 193 Ill. App. 3d 339, 345-47 (5th Dist. 1989) (holding that the trial court erred in dismissing the plaintiffs' claims for damages based on promissory estoppel because the allegations were sufficient to state a cause of action based on promissory estoppel); *Vincent DiVito, Inc. v. Vollmar Clay Products Co.*, 179 Ill. App. 3d 325, 327-29 (1st Dist. 1989) (holding that the trial court erred in granting a summary judgment in favor of the defendant on the plaintiff's claim for damages based on promissory estoppel because there was a genuine issue of material fact); *Cullen Distributing, Inc. v. Petty*, 164 Ill. App. 3d 313, 318 (4th Dist. 1987) (holding that the evidence was sufficient to uphold the trial court's determination that the defendant was liable for damages under a theory of promissory estoppel); *Hux v. Woodcock*, 130 Ill. App. 3d 721 (5th Dist. 1985) (holding that the plaintiff stated a cause of action for damages based on promissory estoppel).

Based upon the supreme court's opinions in *Doyle*, 186 Ill. 2d 104, and *Quake Construction, Inc.*, 141 Ill. 2d 281, and numerous Illinois Appellate Court opinions, including those cited above, I firmly believe that the statements this court made in *ESM Development Corp.* were not accurate statements of Illinois law when they were made, are not accurate statements of Illinois law now, and should be disavowed. I also firmly believe that the majority's holding today is contrary to the supreme court's opinion in *Quake Construction, Inc.* and numerous Illinois Appellate Court opinions, each of which allowed the plaintiff to proceed in an affirmative cause of action for damages based on promissory estoppel. Accordingly, I would affirm the judgment of the circuit court.