NOTICE

Decision filed 06/05/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0087

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| NEWTON TRACTOR SALES, INC., | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) Fayette County. |
| | ) |
| v. | ) No. 04-L-17 |
| | ) |
| KUBOTA TRACTOR CORPORATION | ) |
| and MICHAEL JACOBSEN, | ) Honorable |
| | ) William J. Becker, |
| Defendants-Appellees and Cross-Appellants. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The plaintiff, Newton Tractor Sales, Inc., brought an action to recover damages against the defendants, Kubota Tractor Corp. and Michael Jacobsen, based, *inter alia*, on a theory of promissory estoppel. The circuit court of Fayette County entered an order granting a summary judgment in favor of the defendants. The defendants then filed a motion seeking costs for the court appearance fee, deposition subpoena fees, and deposition transcription fees. The circuit court granted the motion for the court appearance fees and denied the motion for the deposition subpoena fees and deposition transcription fees. On appeal, the plaintiff asks this court to reverse the order granting the summary judgment in favor of the defendants, and on cross-appeal, the defendants ask this court to reverse the order denying the motion requesting deposition subpoena fees and deposition transcription fees. For the following reasons, we affirm the judgments entered by the circuit court of Fayette County.

We first discuss the plaintiff's argument on appeal. The facts are as follows. Kubota Tractor Corp. (Kubota) is in the business of selling tractors and equipment through dealers. Vandalia Tractor & Equipment, Inc. (Vandalia), was the local authorized dealer of Kubota

1

products. However, Newton Tractor Sales, Inc. (Newton), and Vandalia began negotiations for Newton to purchase the Vandalia dealership. In April 2003, Newton submitted a dealership application to become a local authorized dealer of Kubota products to Kubota's regional sales manager, Michael Jacobsen (Jacobsen). On June 19, 2003, a revised application was submitted. Jacobsen forwarded the application to Kubota's division office in Columbus, Ohio, for review.

On July 10, 2003, Newton entered into an asset purchase agreement with Vandalia to purchase the assets of Vandalia's dealership. The agreement was contingent upon Newton becoming a local authorized dealer of Kubota products and provided that Newton was permitted to cancel the agreement in the event that Kubota rejected Newton's dealership application. At that time, Newton's dealership application had not been approved.

On July 28, 2003, Jacobson recommended the approval of Newton's dealership application to Kubota in writing. Around August 12, 2003, Kubota's division office in Columbus, Ohio, approved the application and recommended the final approval by Kubota's corporate office in Torrance, California. On August 29, 2003, representatives of Vandalia terminated the authorized dealership agreement with Kubota.

In September 2003, Kubota's corporate office in Torrance, California, denied Newton's dealership application. After learning that Newton's dealership application had been rejected, Jacobsen contacted Newton and requested additional information to forward to Kubota. After reviewing this additional information, Kubota again denied Newton's application.

On July 27, 2004, the plaintiff filed a complaint against the defendants based, *inter alia*, on a claim of promissory estoppel. The complaint alleged that on or about July 25, 2003, Jacobsen, as an agent for Kubota, represented to Newton that Newton would be the local authorized dealer of Kubota products and that Vandalia had to terminate its authorized

2

dealership agreement with Kubota before Newton could become a local authorized dealer of Kubota. In reliance on the promise of Jacobsen, Newton directed the representatives of Vandalia to terminate Vandalia's right to sell Kubota equipment and Vandalia terminated its authorized dealership agreement with Kubota. The complaint further alleged that in breach of its July 25, 2003, promise, during the last weeks of September 2003, Kubota indicated that Newton would not be a local authorized dealer of Kubota products and removed its products from the possession of Newton. As a result, Newton suffered damages including unpaid warranty work that had been performed on behalf of Kubota.

On September 29, 2005, the defendants filed a motion for a summary judgment. The defendants argued that a summary judgment should be awarded in their favor because promissory estoppel is not a proper cause of action and is available only as an affirmative defense in Illinois. On January 30, 2006, the trial court entered a written order granting a summary judgment in favor of the defendants. In its order, the trial court noted that this court has held in *DeWitt v. Fleming*, 357 Ill. App. 3d 571 (2005), and in *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688 (2003), that promissory estoppel is not a theory under which a cause of action seeking monetary relief can be asserted and that "[i]t is the trial court's obligation to follow existing appellate authority from the same district in which the trial court sits."

On February 14, 2006, the plaintiff filed a notice of appeal arguing that the trial court erred in granting the summary judgment in favor of the defendants. A summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and exhibits on file, when viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue on any material fact and that the moving party is entitled to a judgment as a matter of law. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 333 (1996). Although a summary judgment is an efficient and useful aid in the expeditious disposition of a lawsuit,

3

a summary judgment is a drastic remedy and should only be granted when the moving party's right to a judgment is clear and free from doubt. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). A summary judgment is proper where the nonmoving party fails to establish an element of the cause of action. *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989). We review *de novo* the trial court's award of a summary judgment. *Chatham Foot Specialists, P.C. v. Health Care Service Corp.*, 216 Ill. 2d 366, 376 (2005).

The plaintiff contends that damages can be recovered from the defendants under a theory of promissory estoppel and moreover that allowing recovery is supported by public policy and is necessary to prevent improper business practices. In support of the plaintiff's argument, the plaintiff urges this court to depart from its recent holding in *DeWitt v. Fleming*, 357 Ill. App. 3d 571 (2005), and to instead follow our dissenting colleague's opinion in *DeWitt* that promissory estoppel can be used as a viable cause of action in Illinois. In response, the defendants argue that we should not depart from our recent ruling.

In *DeWitt*, the plaintiffs filed a complaint to recover the costs of a survey performed on a parcel of land, which the defendant had orally promised to sell to the plaintiffs but subsequently refused to sell. *DeWitt*, 357 Ill. App. 3d 571. On appeal, the defendant argued that the trial court erred in applying the doctrine of promissory estoppel because the doctrine of promissory estoppel cannot be used to bar the application of the statute of frauds. *DeWitt*, 357 Ill. App. 3d 571. In *DeWitt*, we concluded that "in Illinois promissory estoppel is available only as a defense (*i.e.*, as a shield), not as a cause of action (*i.e.*, as a sword)." *DeWitt*, 357 Ill. App. 3d at 573.

We reinforced our position by noting that we had held the same in our previous ruling in *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688 (2003), where we explicitly stated that promissory estoppel " 'is not a proper vehicle for direct relief,' " " 'cannot properly be pled as a cause of action,' " " 'is meant to be utilized as a defensive mechanism–not as a

4

means of attack,' " and " 'does not form the basis for a damages claim.' " *DeWitt*, 357 Ill. App. 3d at 573 (quoting *ESM Development Corp.*, 342 Ill. App. 3d at 695).

Our analysis in *DeWitt* is worth repeating here:

"Unlike our dissenting colleague, we are not convinced that the Illinois Supreme Court's opinions in *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 110 (1999), and *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 287 (1990), directly contradict our holding in *ESM Development Corp.*

In *Doyle*, *** the issue before the court was whether an employer could make unilateral changes to provisions in an employee handbook, in the absence of a previous reservation of the right to do so, that would operate to the disadvantage of existing employees. *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 110 (1999). The majority *** concluded that after an employer is contractually bound to the provisions of an employee handbook, an attempted unilateral modification of its terms by the employer to an employee's disadvantage fails for a lack of consideration. *Doyle*, 186 Ill. 2d at 112-13. In other words, the *Doyle* majority decided the issue before it on the basis of contract law principles. Indeed, the majority declined to address at all the issue of promissory estoppel. *Doyle*, 186 Ill. 2d at 117. Then-Chief Justice Freeman, joined by Justice McMorrow, concurred in part with and dissented in part from the majority's disposition. Justice Freeman agreed with the majority that a contract existed, and he agreed that the case should be decided on contract law principles. *Doyle*, 186 Ill. 2d at 118 (Freeman, C.J., concurring in part and dissenting in part, joined by McMorrow, J.). However, Justice Freeman wrote that because the court had made a finding that a contract existed, he would address the issue of promissory estoppel and explicitly find that a remedy of promissory estoppel was not available to the plaintiffs under the facts of the case. *Doyle*, 186 Ill. 2d at 123 (Freeman, C.J.,

5

concurring in part and dissenting in part, joined by McMorrow, J.). Although our dissenting colleague cites Justice Freeman's position as a contradiction of this court's recent holding in *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003), we believe that Justice Freeman's position, constituting a minority position, is too remote and equivocal to be equated with a direct pronouncement from the Illinois Supreme Court that promissory estoppel clearly and explicitly exists as a proper vehicle for direct relief in Illinois.

In *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 287 (1990), *** the issue before the court was whether a letter of intent sent by one of the parties to the other was an enforceable contract giving rise to a cause of action by the latter party, who allegedly had been aggrieved by a breach of that contract. The court concluded that the letter of intent was ambiguous and that parol evidence was required to determine whether the parties intended the letter to serve as an enforceable contract. *Quake Construction, Inc.*, 141 Ill. 2d at 309. Having spent most of the opinion discussing the contract law principles that determined its decision (*Quake Construction, Inc.*, 141 Ill. 2d at 287-309), the court then turned to the impact that its holding would have on each of the four counts in the plaintiff's complaint. *Quake Construction, Inc.*, 141 Ill. 2d at 309. The second count of the complaint alleged detrimental reliance, restated by the court as promissory estoppel. *Quake Construction, Inc.*, 141 Ill. 2d at 309. In a scant two pages of its otherwise voluminous opinion, the court set out the elements of a claim for promissory estoppel and affirmed the appellate court's reversal of the dismissal of the second count, pending the determination, on remand, of whether the parties intended the letter of intent to serve as an enforceable contract. *Quake Construction, Inc.*, 141 Ill. 2d at 309-11. The court did not explicitly address the viability of a promissory estoppel

claim brought by a plaintiff as a distinct cause of action. Because the court was not asked to rule on that question, and in fact did not rule on it, we are not as persuaded as our dissenting colleague that *Quake Construction, Inc.* stands for the proposition that promissory estoppel is a proper vehicle for direct relief in Illinois courts.

In the absence of directly controlling authority to the contrary, we decline to abandon our [previous decision in *ESM Development Corp.*] that promissory estoppel 'is not a proper vehicle for direct relief,' 'cannot properly be pled as a cause of action,' 'is meant to be utilized as a defensive mechanism—not as a means of attack,' and 'does not form the basis for a damages claim.' *ESM Development Corp. v. Dawson*, 342 Ill. App. 3d 688, 695 (2003). We believe that an explicit rule of law that promissory estoppel exists only for defensive purposes in Illinois promotes the stability and integrity of Illinois jurisprudence and provides attorneys practicing in Illinois, as well as their clients, with a clear, stable guidepost to which they may conform themselves." *DeWitt*, 357 Ill. App. 3d at 573-75.

In the instant case, we again decline to depart from our clear and unequivocal ruling that promissory estoppel is only available as a defense, not a cause of action. See *DeWitt*, 357 Ill. App. 3d at 573-75. Therefore, we find that the trial court did not err in granting the summary judgment in favor of the defendants. Accordingly, we hereby affirm the order entered by the circuit court of Fayette County granting the summary judgment in favor of the defendants.

We turn now to the defendants' argument on cross-appeal that the trial court erred in denying their motion to tax the costs of deposition subpoena fees and deposition transcription fees against the plaintiff.

After the summary judgment was entered in favor of the defendants, the defendants filed a motion on March 2, 2006, seeking costs for the court appearance fee, deposition

7

subpoena fees, and deposition transcription fees, in the amount of $2,701.81. A telephone hearing on the motion was conducted on March 22, 2006. The trial court entered an order granting the motion for the court appearance fee but denying the motion for the deposition subpoena fees and deposition transcription fees. The trial court stated in its written order:

"Since the Court granted Defendants' summary judgment motions, the depositions were not used at trial. Although Defendants have a plausible argument that the deposition costs should be taxed because the depositions were used in support of the summary judgment motions, this Court is bound by appellate caselaw [*sic*] limiting awards for this type of costs to the situation where the depositions are necessarily used at trial."

On cross-appeal, the defendants ask this court to reverse the trial court's denial in part of the motion to tax costs and to direct the trial court to enter an order awarding costs relating to the depositions to the defendants.

At common law, a successful litigant was not entitled to recover the costs of the litigation from his opponent. *Galowich v. Beech Aircraft Corp.*, 92 Ill. 2d 157, 162 (1982). Accordingly, before costs can be allocated to the losing party in a lawsuit, there must be statutory authority, and any assessed costs are limited to those specifically allowed by statute. *Galowich*, 92 Ill. 2d at 162. While the power to impose costs must ultimately be found in some statute, the legislature may grant the power in general terms to the courts, which may in turn make rules or orders under which costs may be taxed and imposed. *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1013 (1992). The awarding of costs and fees is discretionary with the trial court and will not be disturbed on review absent a clear abuse of discretion. *Gleason v. Carter*, 212 Ill. App. 3d 206, 209 (1991).

The defendants seek deposition subpoena fees and deposition transcription fees as taxable costs under section 5-110 of the Illinois Code of Civil Procedure (735 ILCS 5/5-110

8

(West 2004)), which provides for the recovery of costs when a judgment is entered as the result of a motion. The defendants also rely on Supreme Court Rule 208(d) (134 Ill. 2d R. 208(d)), which provides that deposition transcription fees may in the discretion of the trial court be taxed as costs.

The Illinois Supreme Court has interpreted Rule 208(d) as authorizing trial courts to tax as costs the expenses only of those depositions necessarily used at a trial. *Galowich*, 92 Ill. 2d at 166. In *Galowich*, the plaintiffs voluntarily dismissed their suit prior to a trial, and the trial court taxed as costs only the defendants' court filing fees but refused to tax the deposition costs. The Illinois Supreme Court upheld the trial court's decision, reasoning that the depositions were not necessary for use at the trial because there was no trial. *Galowich*, 92 Ill. 2d at 162.

In the instant case, the defendants argue that the decision in *Galowich* is not controlling because it involved a voluntary dismissal and not a summary judgment as in the instant case. The defendants further contend that the depositions were necessary to obtain the summary judgment. However, we note that other courts have refused to distinguish a voluntary dismissal from a summary judgment. In *Premier Electrical Construction Co. v. Morse/Diesel, Inc.*, 257 Ill. App. 3d 445, 462 (1993), a summary judgment was entered in favor of the defendants, and the court refused to tax costs against the plaintiffs because the depositions were not used at a trial. The court in *Premier Electrical Construction Co.* noted that although the case involved a summary judgment and not a voluntary dismissal as in *Galowich*, the Illinois Supreme Court's ruling in *Galowich* was nonetheless applicable. *Premier Electrical Construction Co.*, 257 Ill. App. 3d at 462. The court then held that the depositions were not necessary for use at a trial because there was no trial. *Premier Electrical Construction Co.*, 257 Ill. App. 3d at 462. The court further noted that *Galowich* does not provide an exception for the costs of depositions used in support of a summary

9

judgment motion and is equally applicable thereto. *Premier Electrical Construction Co.*, 257 Ill. App. 3d at 462.

In the instant case, although the depositions were used in support of the defendants' motion for a summary judgment, the depositions were not necessary for use at a trial because there was no trial. Accordingly, we find that the trial court did not abuse its discretion in denying the defendants' motion to tax the costs of deposition transcription fees and deposition subpoena fees. The order entered by the circuit court of Fayette County is hereby affirmed.

Affirmed.

DONOVAN and GOLDENHERSH, JJ., concur.

NO. 5-06-0087

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>NEWTON TRACTOR SALES, INC.,</td><td>) Appeal from the<br>) Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellant and Cross-Appellee,</td><td>) Fayette County.<br>)</td></tr>
<tr><td>v.</td><td>) No. 04-L-17<br>)</td></tr>
<tr><td>KUBOTA TRACTOR CORPORATION<br>and MICHAEL JACOBSEN,</td><td>)<br>) Honorable<br>) William J. Becker,</td></tr>
<tr><td>Defendants-Appellees and Cross-Appellants.</td><td>) Judge, presiding.</td></tr>
</table>

---

**Opinion Filed**:      June 5, 2008

---

**Justices**:      Honorable Thomas M. Welch, J.

Honorable James K. Donovan, J., and
Honorable Richard P. Goldenhersh, J.,
Concur

---

**Attorneys for Appellant**      James Richard Myers, Larry L. LeFevre, LeFevre, Oldfield, Myers, Apke & Payne Law Group, Ltd., 303 South Seventh, P.O. Box 399, Vandalia, IL 62471

---

**Attorneys for Appellees**      David G. Lubben, Nancy L. Barnhart, Davis & Campbell, L.L.C., 401 Main Street, Suite 1600, Peoria, IL 61602-1241

---